# Bessemer Coke Company, Appellant, *v*. Gleason.

*Principal and surety—Building contract—Overpayments.*

1. The surety upon a contractor's bond is entitled to stand upon the terms of the contract, precisely as they were when he agreed to become responsible for its performance.

2. An essential part of a building contract required that fifteen per cent of the amount due thereon should be retained until final settlement. Where the obligee, in disregard of this requirement, overpaid the principal, he cannot recover the amount of such overpayment from the surety upon the bond.

Argued Oct. 20, 1908. Appeal, No. 57, Oct. T., 1908, by plaintiff, from order of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 90, refusing to take off nonsuit in case of Bessemer Coke Company v. Fred S. Gleason, Sr. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a bond of suretyship. Before SWEARINGEN, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off compulsory nonsuit.

*Wm. A. Griffith*, with him *David E. Mitchell*, for appellant, cited: Roth v. Miller, 15 S. & R. 100.

*J. McF. Carpenter*, with him *Geo. N. Chalfant*, for appellee, cited: Fitzpatrick v. McAndrews, 2 Pa. Dist. Rep. 713.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

This suit was brought to enforce the liability of the defendant as surety upon a bond given to secure the performance of a contract by the Bessemer Contracting and Ballast Company. It appears that the plaintiff on July 9, 1906, entered into a writ-

ten contract with the said ballast company for the erection of 100 coke ovens. On October 16 of the same year, another contract was made in respect to the same work in which it was stipulated that the first agreement should be canceled upon the understanding that under the new contract the Bessemer Contracting and Ballast Company should furnish bond in the sum of $2,500 to secure any back payments due for work done or supplies contracted for on the old contract, etc. And that all payments for work done on the old and new contracts were to be paid to the men in the employ of the ballast company, by the plaintiff, the coke company, on the order of the ballast company, and charged to its account. The contract also provided for monthly estimates in accordance with which the contractor was to be paid, less fifteen per cent, which was to be retained until final settlement. Pursuant to the agreement, the bond was given with the defendant as surety. It was conditioned upon the faithful performance of the contract by the ballast company, and for the payment of all bills for labor and materials, and for the protection of the coke company from all claims and liens on account thereof. The contract contained a forfeiture clause authorizing the engineer in charge of the work to terminate the contract on twenty-four hours' notice, if in his judgment the work was not being satisfactorily pushed. Under this clause, the plaintiff canceled the contract on November 8. It alleged that it had at that time paid out for labor and supplies the sum of $2,655.32 in excess of the amount due to the contracting company for its work, and brought suit upon the bond to recover the amount so overpaid. But as the trial judge says, there is no provision in the bond which requires the surety to refund to the plaintiff any amounts which it may have overpaid on account of the contractor, up to the date of the cancellation of the contract. There is no evidence of anything being due on back payments to anyone, or that any liens have been filed, or that any other liability exists for which the surety is responsible. No provision appears in the contract permitting overpayments to be made, and on the contrary there is an express provision that fifteen per cent should be retained until final settlement. What the situation would have been, had

the contract not been taken away from the ballast company, and had it been permitted to finish the operation, does not appear. But when the contract was terminated by the plaintiff it did appear that it had made payments faster than it should have done under the terms of the contract. The surety had the right to rely strictly upon those terms. Beyond them the plaintiff could not go, to the detriment of the surety. This action is not brought to recover the amount paid out for the completion of the contract by the plaintiff, for it does not appear that the contract was ever completed. The only claim made is to recover for overpayments made to or on account of the contracting company. As has been said, no provision in the bond requires the surety to make good any such advance. The surety was entitled to stand upon the terms of the contract precisely as they were when he agreed to become responsible for its performance. An essential fact of the agreement was that fifteen per cent of the estimates should be retained by plaintiff. If it had complied with the agreement in this respect, and made payments only as called for, and if its adherence to the agreement had resulted in the inability of the contractor to carry out the contract, then, as a matter of course, the surety would have been liable for any failure in performance. But it will not do for the plaintiff to say that it paid out money in a way or to an extent not authorized in the contract, but which nevertheless went in relief of the possible obligations of the surety, and for that reason claim the right to recover. It should have confined its actions strictly to the limitations fixed in the contract, if it expected to look to the surety, under the obligations of the bond.

We agree with the court below that no grounds upon which the plaintiff could recover, were shown upon the trial. The compulsory nonsuit was properly entered, and we see no error in the refusal to take it off.

The judgment is affirmed.