# Fels & Company *v.* Massachusetts Bonding & Insurance Company, Appellant.

*Principal and surety—Building contract—Retained percentages—Anticipatory payment—Release of surety—Surety companies.*

1. Where a building contract provides that a certain amount shall be retained out of weekly payments to the contractor until the work is completed, anticipatory payments of such amounts by failure to retain them each week, will release the surety of the contractor; and this is the case even though the surety may be a corporation organized to go on surety bonds for profit.

2. A surety upon payment of the claim is entitled to the securities held by the creditor; so that even if the surety were not completely relieved by anticipatory payments, he would be entitled at least to a credit to the aggregate amount of such payments made.

Argued Dec. 20, 1910. Appeal, No. 216, Oct. T., 1910, by defendant, from order of C. P. No. 4, Phila. Co., June Term, 1909, No. 2,695, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Joseph Fels and Samuel Fels, Co-partners, trading as Fels & Company, v. Massachusetts Bonding & Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit on a bond of suretyship.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Paxson Deeter,* with him *John C. Bell,* for appellant.— Making the overpayment was a material variation from the contract which relieved the surety: Young v. American Bonding Co., 228 Pa. 373; Fitzpatrick v. McAndrews, 2 Pa. Dist. Rep. 713; Calvert v. London Dock Co., 7 L. J. Chancery (N. S.), 90; First Nat. Bank v. Fidelity & Deposit Co., 145 Ala. 335 (40 So. Repr. 415); McNally v.

Mercantile Trust Co., 204 Pa. 596; Bessemer Coke Co. v. Gleason, 223 Pa. 84; General Steam Nav. Co. v. Rolt, 6 C. B. (N. S.) 550; Prairie State Nat. Bank v. U. S., 164 U. S. 227 (17 Sup. Ct. Repr. 142).

There was error in entering judgment for full amount of claim. Bessemer Coke Co. v. Gleason, 223 Pa. 84:

*Ralph B. Evans*, with him *Frank P. Prichard*, for appellee.—The surety was not discharged by the anticipatory payment: Alexandria Water Co. v. Nat. Surety Co., 225 Pa. 1; Haine v. Dambach, 4 Pa. C. C. R. 633; Warre v. Calvert, 7 Adolph. & Ell. 143; Hand Mfg. Co. v. Marks, 36 Oregon, 523 (52 Pac. Repr. 512; 53 Pac. Repr. 1079; 59 Pac. Repr. 549); Neff's App., 9 W. & S. 36.

OPINION BY PORTER, J., October 9, 1911:

This action was brought to enforce the alleged liability of the defendant as surety upon a bond given to secure the performance of a contract by Jacob J. Jordan. Jordan, the principal in the bond, had entered into a written contract with the plaintiffs under which he agreed to furnish the latter the labor to lay 800,000 bricks in a building then in process of erection, for which the plaintiffs were to pay him at the rate of $5.25 per 1,000; "The payments on this work to be at the rate of $5.00 per 1,000, brick yard count, on Friday, for all bricks laid up to Thursday night preceding; the balance of 25 cents per 1,000 to be paid when this contract is completed," and the bond upon which this action was brought was executed to secure the obligees, the plaintiffs, "from any pecuniary loss resulting from a breach of any of the terms, covenants and conditions of the said contract upon the part of the said principal to be performed." The bond expressly referred to the written contract and provided that it should "become a part of this bond." Jordan partly performed his contract and the plaintiffs made payments to him upon account of the same, but after about half of the brick had been laid Jordan stopped

work and the plaintiffs procured it to be completed by other parties. The amount which it cost the plaintiffs to complete the work added to what they had already paid Jordan exceeded by $949.45 the amount which they would have been required to pay if Jordan had complied with his contract, and this amount they allege the right to recover in this action. The defendant filed an affidavit of defense denying all liability upon the ground that in dealing with the work the plaintiffs and Jordan had departed from the covenants of the contract for the performance of which the defendant had become surety; that under the provisions of the contract the plaintiffs were to pay Jordan $5.00 per 1,000 bricks laid, in installments, on Friday of each week, and were required to retain until the completion of the work the sum of twenty-five cents per 1,000; and that instead of paying according to the terms of the contract the plaintiffs had each week paid Jordan the full contract price for the bricks laid, including the twenty-five cents per 1,000 which they ought to have retained until the work was completed. The affidavit sets forth in detail the number of bricks laid and the amount paid to Jordan by the plaintiffs for the same during each week that the work progressed and the amount of the excess thus paid him weekly, through the failure of the plaintiffs to retain the twenty-five cents per 1,000 until the work was completed, the aggregate amount of such overpayments being $190.50. The court below made absolute a rule for judgment for want of a sufficient affidavit of defense, for the entire amount of the plaintiffs' claim, and the defendant appeals.

The surety upon a contractor's bond is entitled to stand upon the terms of the contract, precisely as they were when he agreed to become responsible for its performance. Any dealings by the owner, the obligee in the bond, with the contractor which amount to a departure from the contract by which a surety is bound and which may materially vary or enlarge the latter's liability, without his consent, operate as a discharge of the surety: Bessemer

Coke Co. v. Gleason, 223 Pa. 84. Even in the case of a suretyship executed upon a consideration, by a corporation organized to make such bonds for profit, a departure from the contract which is shown to be a material variance relieves the surety. The test, in the case of a surety of this character, whether the variance complained of is material, is to be found in the answer to the question, whether it substantially increased the chances of the loss insured against: Young v. American Bonding Co., 228 Pa. 373. A surety, upon payment of the claim, is entitled to the securities held by the creditor. There is a distinction made in equity between those rights of the surety which he acquired at the time he entered into the suretyship, and those subsequently acquired. The surety is entitled to all the securities and rights expressly provided for in the contract, those he is entitled to have; if the obligee and the contractor, without the consent of the surety, voluntarily destroy those securities the obligation of the surety is released: Polak v. Everett, L. R. 1 Q. B. D. 669; Prairie State Nat. Bank v. United States, 164 U. S. 227. After the suretyship is established the surety has the right to have the benefit of new securities which come into the hands of the creditor, but those securities not being a part of the original right it is a different question whether the dealing with them will release the surety.

The effect of the stipulation in the contract that a certain part of the price of the work should remain in the hands of the plaintiffs until the entire work was completed was twofold: First, to accumulate in the hands of the plaintiffs a fund to be applied to the completion of the work in case Jordan did not do so; and second, the amount remaining unpaid for work already done was an incentive intended to operate upon the mind of Jordan to finish the work in due time. What the plaintiffs did was perhaps calculated to make it easier for Jordan to complete the work if he acted with prudence and good faith, but it also took away that particular sort of pressure which, by the contract, was intended to be applied to him, and this de-

fendant was not left in the same situation with regard to Jordan in which it ought to be placed. The defendant was deprived of the advantage, given by the contract, of a motive intended to operate on the mind of Jordan inducing him to complete his contract according to its terms. The effect of an anticipatory payment under a contract of this character upon the rights of a surety for the performance thereof has been considered in many cases and it has been held by the great weight of authority that such payments release the surety: Calvert v. London Dock Co., 2 Keen, 638; General Steam Navigation Co. v. Rolt, 95 Eng. Common Law Reps. 550; Mayhew v. Boyd, 5 Md. 102; Wehrung v. Denhan, 42 Ore. 386; Welch v. Hubschmitt Building & Woodworking Co., 61 N. J. L. 57; Prairie State Nat. Bank v. United States, 164 U. S. 227; First National Bank v. Fidelity & Deposit Co. of Maryland, 5 L. R. A. (N. S.) 418. There does not seem to have been any case decided by our own Supreme Court in which a surety was actually discharged from liability under such conditions, but the question was considered in McNally v. Mercantile Trust Co., 204 Pa. 596; and while in that case a judgment against the defendant was sustained, it was put upon the ground that there was no evidence that payments had been anticipated; it is significant that the cases of General Steam Navigation Co. v. Rolt, 95 Eng. C. B. 550, and Calvert v. London Dock Co., 2 Keen 638, were cited with approval in the opinion in that case. The cases thus cited are recognized as the leading ones sustaining the doctrine that an anticipation of payments without the consent of the surety, under contracts of this character, releases the surety. We are of opinion, that if, as stated in the affidavit of defense, the plaintiffs intentionally made advance payments to the contractor, under the contract, the position of the surety was prejudiced and it is discharged from its obligation.

Even if we had reached the conclusion that the effect of the overpayment did not work an absolute discharge of the surety, there can be no question that the surety

was discharged as to the amount of the overpayment. The money which the contract required to be, retained until the work was completed was unquestionably a fund to secure performance, and the surrender of that fund deprived the defendant of the benefit of that security. The affidavit of defense distinctly averred the facts showing that $190.50 had been overpaid. True it is that the defendant asserted that this overpayment worked an absolute discharge of its obligation as surety, but even if this assertion of a conclusion of law had not been well founded, the facts were sufficiently stated. When, in an affidavit of defense, the facts which constitute a defense to a part of the claim are well stated, the affidavit of defense is not to be held insufficient as to such part, merely because a defendant incorrectly states that such facts constitute a defense to the entire claim. The sufficiency of an affidavit of defense depends upon the facts therein stated, not upon the conclusions of law asserted as arising from those facts.

The judgment is reversed with a procedendo.

RICE, P. J., concurs in the judgment upon the ground that defendant was entitled to credit in the amount of the anticipated payments.