## Lindsey Burley *v.* William Filby, David Chess, Samuel H. Roach and W. T. Kent, alias William T. Kent, Appellants.

*Judgment—Revival of judgment—Release—Evidence—Laches.*

The Supreme Court will not reverse an order of the common pleas refusing to open a judgment entered on a scire facias to revive, where it appears that an alleged release of the judgment, dated three years prior to the revival of the judgment, is pronounced by plaintiff to be false and fraudulent; that the release was not set up as a defense to the revival of the judgment, although defendants were served with the writ of scire facias; that it was not produced until seven years after its alleged execution, and after the death of the magistrate who was alleged to have drawn and attested it; that no consideration of the lease was shown, and seventeen witnesses familiar with the magistrate's handwriting testify that the release is not in his handwriting, and that the signature on it is not his genuine signature.

Argued Oct. 18, 1899. Appeal, No. 17, Oct. T., 1899, by defendants, from order of C. P. Greene Co., April T., 1893, No. 123, refusing to open judgment. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment.

The facts appear by the opinion of CRAWFORD, P. J., which was as follows:

The note upon which judgment was originally entered to No. 142, January term, 1888, in this court, was executed by the defendants on November 3, 1887, and the original judgment was entered thereon December 15, 1887. Scire facias to the above No. 123, April term, 1893, issued March 2, 1893. The defendants were all duly served with writ, as they admit, and as shown by the return indorsed on the same. No defense was made, and judgment was entered against the defendants August 16, 1893. Execution having issued to collect this judgment, November 16, 1896, William Filby, one of the defendants, then came in and obtained this rule, and is now asking that the judgment be opened and that the defendants be per-

mitted to defend against the whole of the plaintiff's claim, on the ground that they hold a written release executed by Burley, the plaintiff, on September 24, 1889, and acknowledged the same day before J. M. White, a justice of the peace, wherein said Burley releases and discharges said Filby and his bail from any and all liability on his judgment, and agrees to look to one Beden Bebout for the payment of the same. The plaintiff alleges that the release presented by the defendant Filby "is false and fraudulent," that he was not present at the time and place where it purports to have been executed, but was at his home in the state of West Virginia on September 24, 1889, engaged in the transaction of other business, with other parties. In the evidence submitted, Filby and his daughter detail the circumstances in connection with the execution and delivery of this release. J. M. White, the magistrate who is alleged to have written it, and before whom it purports to have been signed and acknowledged by Burley, has been dead since July 20, 1892. Some seventeen or more witnesses familiar with the handwriting of J. M. White, including members of his immediate family, have said that the release offered here is not in his writing, nor is the signature to the same his genuine signature. No testimony is offered in support of the genuineness of the paper as one prepared and signed by White, other than that of Filby and his daughter, who at the time this release is alleged to have been executed, was a mere girl of fourteen or fifteen. If this matter rested alone upon the conflict of testimony with respect to the genuineness of the release, we might feel warranted in awarding an issue to determine that question. But viewing the testimony in connection with other elements of the case, the fact that no consideration is alleged or shown as a basis for this release; that it was never placed on record; that it was not produced when the defendants had their day in court; that they suffered judgment to be entered against them with this paper in their possession, and it is now brought forth, seven years after its execution, four years after the death of White, who is alleged to have drawn and attested it, three years after the defendants stood by and permitted judgment to be taken against them, and only when execution is sought to be enforced on that judgment,—all these facts taken into consideration show such remarkable and inexcusable laches

on the part of the defendants that we have no hesitancy in holding that this defense is without merit, as it now stands before the court. " Where a party has a release or other matter which he might have pleaded to the scire facias, in his discharge, and for want of pleading it execution is awarded upon a scire facias returned, he is estopped forever, and cannot by any means take advantage of it : " Troubat & Haly's Practice, sec. 1923. " Where a party has had his day in court, he is concluded by the judgment as to facts he knew to exist before its entry : " Goodwin v. Slusher, 5 Cent. Rep. 263 ; Maher's App., 2 Cent. Rep. 846.

And now October 31, 1898, it is ordered and directed that the rule to show cause why judgment should not be opened in this case be, and the same is, hereby discharged at the cost of the petitioner.

*Error assigned* was the order of the court.

*James Inghram,* with him *William F. King,* for appellants.— A judgment will be opened whenever there appears to be a dispute as to facts upon which a jury ought to pass : Wilson's App., 109 Pa. 606 ; Mullen v. Mageoch, 14 W. N. C. 127.

If a defendant, upon a rule to open, sets up an agreement to release him, made since the judgment was entered, he is entitled to an issue to determine the question : Brock v. Vockroth, 1 Lack. Jur. 434 ; Steckel v. Steyer, 1 Northampton Co. Rep. 363.

*W. A. Hook, J. A. J. Buchanan* and *D. S. Walton,* for appellee, were not heard, but cited in their printed brief : Glaub's App., 11 W. N. C. 297 ; Massey v. Blair, 176 Pa. 36 ; Range v. Culbertson, 168 Pa. 324 ; Christie v. Steelsmith, 158 Pa. 117 ; Kelber v. Plow Co., 146 Pa. 491 ; Maneval v. Jackson Township, 141 Pa. 426 ; Gibson v. Simmons, 134 Pa. 189 ; Mullen's App., 109 Pa. 606 ; Mullen v. Mageoch, 14 W. N. C. 127.

PER CURIAM, October 30, 1899 :

This appeal is from the decree of the court below discharging defendants' rule to show cause why the judgment in plaintiff's favor entered in 1893, on the scire facias to revive, should not be opened as to them and they let into a defense.

Our consideration of the evidence, aided by the clear and concise argument of defendants' counsel, has not convinced us that there was any error in discharging the rule. In view of all the facts and circumstances disclosed by the evidence we cannot say that there was any abuse of the sound discretion that should always be exercised in such cases.

Decree affirmed and appeal dismissed at appellants' costs.