# Bubb, Appellant, *v.* Bubb

*Husband and wife—Oil lease—Royalties—Tenant by* curtesy.

Where a husband is permitted by his wife to collect royalties accruing under an oil lease of land owned by her, and to use such royalties for the support and maintenance of the family, he cannot after his wife's death be called upon by her administrator to account for such royalties; nor can he be compelled to account for royalties collected by him after her death, inasmuch as he owns them in his own right as tenant by the *curtesy*.

Argued Oct. 28, 1901. Appeal, No. 3, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1899, No. 315, non obstante veredicto in case of Edward J. Bubb, Jr., Administrator of Rebecca J. Bubb, Deceased, v Edward J. Bubb, Sr. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit by wife's administrator to recover royalties collected by her husband. Before Stowe, P. J.

From the record it appeared that on March 25, 1896, Rebecca J. Bubb, defendant's wife, executed an oil lease on certain lands owned by her. The material portions of the lease were as follows:

" That the lessor does hereby grant unto lessee for the term of two years, and so long thereafter as oil or gas is produced from the land leased, and royalty and rentals paid by lessee therefor, the exclusive right to mine for and produce petroleum and natural gas, from and the possession of so much of sixty-three acres of land in Hampton township, Allegheny county, State of Pennsylvania, as may be necessary therefor, with the right to use water and gas, if found, for the necessary engines, and to remove all machinery, fixtures, etc., placed by the lessee on the premises, said land bound north by land of Doty, east by land of George Fisher and Christ Hart, south by land of Whitesell, west by land of Mary Hunter and Mary Cheatham.

" No well to be drilled within       rods of the buildings without lessors' consent. The lessee to deliver to lessor in pipe line the one-eighth ($\frac{1}{8}$) of all petroleum produced from the premises, and to pay three hundred dollars per annum for each gas well from which the gas is marketed, payable       Columbia National Bank from the date       and while the same is so utilized, and to pay all damages to growing crops. This lease to be null and void and no longer binding on either party if a well is not completed on the premises within four months from this date, unless the lessee shall thereafter pay monthly to lessor       dollars per month for each month's delay in completing said well. Each payment to extend the time of completion one month and no longer. A deposit to the credit of lessor in       Bank to be a good payment of any moneys on this lease, all grants and covenants to extend to the heirs and assigns of the parties hereto. The consideration to be six hundred dollars in cash and one hundred and fifty dollars out of the first oil produced on the premises."

The evidence tended to show that the defendant with his wife's permission collected royalties during her lifetime and used them in the support and maintenance of the family. He also collected rentals after his wife's death.

A verdict was entered in favor of the plaintiff subject to the following questions reserved:

1. Whether the proceeds to the oil wells, as per plaintiff's statement, to wit: $5,163.96, received by defendant during the life of his wife, and also $750 received by him as bonus, were to be considered in law as income or corpus of the estate of said Rebecca J. Bubb, deceased.

2. Whether the further sum of $3,766.81, the same being the proceeds of oil received by defendant after the death of his wife, he being the tenant by the curtesy of the property out of which same arose, as per plaintiff's statement, belonged to defendant, or was the property of the estate of the said Rebecca J. Bubb, deceased.

The court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment non obstante veredicto.

*William A. Sipe*, for appellant.

*Frank C. Osburn*, with him *J. C. McCombs*, for appellee.

PER CURIAM, January 6, 1902:

Edward J. Bubb, Jr., administrator of the estate of Rebecca J. Bubb, deceased, claimed that there was due to the estate of the decedent from Edward J. Bubb, Sr., the sum of $9,680.77. The alleged liability was denied by the defendant who stoutly maintained that he was not indebted in any sum to the estate of the decedent who was the owner of the land and who with her and her husband, Edward J. Bubb, Sr., leased the same to T. N. Barnsdall of Bradford, Pa., for the production of oil or gas and the payment of rentals in accordance with the terms and provisions of said lease. The indebtedness charged by the administrator against the defendant constituted the sum demanded of him and required the submission of the case to the court and jury for determination. It is plain enough that the royalties provided for in the lease were income and not corpus of the estate. If they were received during the life of the wife they became her property and subject to her order, but as it appears

that the defendant was allowed to receive and use the same for the support and maintenance of the family, he cannot now be called upon to account to her estate for it. The proceeds of the oil received by defendant after the death of his wife, he was entitled to have and hold in his own right as tenant by the curtesy. It follows from the conclusions reached that the defendant was not indebted to the estate of decedent as claimed by the administrators in any sum.

Judgment entered upon the questions of law reserved in favor of the defendant non obstante veredicto is affirmed.