## Logan's Estate.

*Decedents' estates—Account of administratrix—Assets not belonging to decedent—Surcharge.*

Crops which had been raised during the lifetime of a deceased husband, on a farm belonging to a wife, remaining unsold and in the barns at the time of the death of the decedent, are not a part of his estate.

Where it appeared that a wife allowed her husband during his lifetime to sell the crops of a farm belonging to her and deposit the proceeds to his own account, it does not necessarily follow that such a practice would continue indefinitely or that the crops should be considered as belonging to the husband's estate, in the event of his death.

Where the administratrix failed to account for such crops remaining unsold at the time of the death of her husband, it was reversible error to surcharge her for the value of the same.

Argued March 10, 1920. Appeal, No. 7, March T., 1920, by Nettie B. Logan, Administratrix, from the decree of O. C. York County, in the Estate of Curtis E. Logan, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

82, (1920).] Statement of Facts—Opinion of the Court.

Exceptions to auditor's report. Before WANNER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Accountant appealed.

*Error assigned* was the order of the court.

*R. E. Cochran,* of *Cochran, Williams & Kain,* for appellant.—The farm was the property of the accountant and its crops belonged to her: Weiman v. Anderson and Wife, 42 Pa. 311; Troxell v. Stockberger, 105 Pa. 405; Holcombe v. Bank, 92 Pa. 338; Welch v. Kline, 57 Pa. 428; Spering v. Laughlin, 113 Pa. 209; Gibbs & Sterrett v. Goe, 1 Pennypacker, 238; Manderbach v. Moch & Wife, 29 Pa. 43; Phillips v. Hall, 160 Pa. 60; Rush v. Vought, 55 Pa. 437.

*James J. Logan,* of *Logan & Logan,* for appellee.—The income of the farm must be treated as a gift from the wife to the husband and the crops as part of the decedent's estate: Hauer's Est., 140 Pa. 420; Bubb v. Bubb, 201 Pa. 212; Kittel's Est., 156 Pa. 453; Hamill's Est., 88 Pa. 363; Stuart v. Stuart, 182 Pa. 543.

OPINION BY HENDERSON, J., April 24, 1920:

A single question is raised by this appeal. It relates to the title of Mrs. Logan, the wife of the decedent, to a quantity of corn and oats on the farm where the decedent had been living for several years immediately prior to his death. The farm belonged to Mrs. Logan. She was the owner of it at the time of her marriage to Curtis E. Logan, who lived with her on the place. Mrs. Logan had a team of horses, some cows and other stock, and farming implements. Mr. Logan was somewhat disabled by a deformity of the feet, but was industrious and assisted in the work on the farm as far as he was able and managed that business. His

wife worked about the place, did some of the chores, and gave the attention which farmers' wives generally do to the care of the house. At the time of the decedent's death, there was a quantity of corn in cribs on the farm of the value of $689.50, and oats valued at $41.60, which were afterwards sold by Mrs. Logan who applied the proceeds to her own use. Curtis E. Logan died without issue and his collateral heirs became entitled to so much of his estate as was not taken by his widow under the intestate laws. Some of these heirs filed exceptions to the account of Mrs. Logan, administrator of the estate, alleging among other things that she should have appraised and charged herself with the value of the corn and oats. The exceptions were referred to an auditor by whom testimony was taken relating to the controverted questions. He refused to sustain the exceptions relating to the grain for the reason that the farm belonged to Mrs. Logan and that the crops raised thereon were hers notwithstanding the fact that her husband assisted in the cultivation of the land. Exception was taken to this conclusion of the auditor and the orphans' court reversed his findings; the effect of which was to surcharge the accountant with $731.10.

It is admitted that the appellant was the owner of the farm to which her husband came when they were married. This ownership carried with it the product of the soil. Until the owner parts with the title, his right to the crops is indisputable. This right is not affected by the fact that the husband worked on the farm and managed the business. He lived with his wife, was a member of the family, received the benefits of his labor in his maintenance from it and in the receipt of whatever share of the income his wife saw fit to bestow on him. The mere fact, however, that he contributed by his labor to the income of the farm gave him no title to its products: Rush v. Vought, 55 Pa. 437; Musser v. Gardner, 66 Pa. 242. Where it is asserted therefore that a husband under such circumstances is the owner of the crops, a

contract must be proved or such a course of dealing as would permit the implication of a contract or gift. It is not alleged in this case that there was a lease by the wife to the husband or a contract under which he managed the place. The evidence offered in support of the claim of the heirs was that the husband sold crops and stock from time to time; that he paid the expense of carrying on the farm; and that any balance remaining was deposited by him in his name in the bank. Testimony was introduced that at the time of his death a considerable sum of money was on deposit in his name in one or more banks which it was assumed was derived from the proceeds of the sale of farm products. Mrs. Logan made no claim to the money so deposited, and we are not called upon to consider the question whether as much of it as was derived from the farm belonged to the decedent's estate or not. It is clear however that with respect to the corn and oats it had not been taken possession of by the decedent, nor is any fact established by the testimony which would support the conclusion that it had been given to him by the appellant. The subject of the controversy was grain in possession of the owner of the farm. She could have permitted her husband to sell it and appropriate the money to his own use, or to the support of the family, but this was not done. She retained possession of it until it was sold. The learned judge of the court below seems to have disposed of the case on the reasoning that because the appellant permitted her husband in years gone by to deposit in his own name or to use money derived from the farm, the same thing was to be done with reference to the corn and oats, but this conclusion is not warranted by the law. Mrs. Logan could be generous and give her husband all of the income of her property, but she was not bound so to do, and he acquired no right thereto until there had been the turning over to him by her of as much of it as she was disposed to give or pay. What she had done with respect to the proceeds of sales she was not bound to continue to do.

The exercise of generosity does not create a binding obligation for its continuance. The case is not of the class in which the husband used the income of his wife's property, with her consent, for the maintenance of the family as in Bubb v. Bubb, 201 Pa. 212; Hauer's Estate, 140 Pa. 420. Such cases turn on the permission of the wife to use the proceeds in controversy in the manner in which they were applied by the husband. In the case before us the crops had not been used. They were on the farm in the place set apart for the storing of such grain and were in the legal possession of the owner of the place. She cannot be deprived of her property because in preceding years she had been considerate of her husband and allowed him to take the profits of the farm in his own name. The court was in error therefore in surcharging the accountant with the value of the corn and oats.

The decree is reversed at the cost of the appellees and the record is remitted to the court below with direction to enter a decree in accordance with this opinion.