## Spadaro v. Chase Construction Company, Inc.

*Israel Krohn*, for plaintiff; *Orrin E. Boyle*, for defendant.

STEWART, P. J., July 13, 1931.—This is a rule to open judgment. From the petition and answer it appears that on June 6, 1930, an appeal from the judgment of an alderman was entered in this court. On August 20, 1930, plaintiff filed his statement of claim. In the week commencing October 20, 1930, the case was listed for trial. At that time defendant had not filed an affidavit of defense. Plaintiff's counsel informed defendant's counsel by telephone of the fact that the case was on the trial list, and that defendant had not filed an affidavit of defense, and agreed that the case should be continued. Defendant's counsel thereupon filed his affidavit of defense. The case, in due course, was listed for trial in the week commencing February 16, 1931, and plaintiff proved his case in the absence of defendant and its counsel, and a verdict was rendered in his favor. The petition alleges that neither the defendant nor its counsel received a trial list of the cases set down for trial at the February Term, and that they had no notice that the case was listed for trial that week. When we granted the rule, we added to the order as follows: "N. B. This rule is granted only on account of the difference of statement between counsel. Depositions will have to be taken." Instead of taking depositions, counsel, by agreement, filed affidavits. Counsel for the defendant, in his affidavit, sworn to on June 15, 1931, repeated the facts set forth in the petition. Counsel for the plaintiff, in his affidavit, sworn to on June 17, 1931, states as follows:

"5. That the plaintiff appeared in court on the said date, to wit, Monday, October 20, 1930, prepared to proceed with the trial of the case, but the defendant was not present in court nor was he represented therein by counsel.

"6. That the court suggested the entry of judgment against the defendant for want of an answer and for want of an appearance, but your deponent, not desiring to take advantage of the situation, of his own motion, suggested to the court the continuance of the cause until the next term of appeal court, to which motion the court acceded.

"7. That your deponent immediately notified counsel for the defendant by telephone, informing him of the fact that no affidavit of defense had been filed and that the cause was continued until the next appeal court on the third Monday of February, 1931."

Counsel for defendant in his affidavit in rebuttal, made June 22, 1931, swears as follows:

"1. In answer to the seventh paragraph of the plaintiff's counter-affidavit, it is admitted that counsel for the plaintiff did call your deponent on the telephone sometime after October 20, 1930, and in a joking manner told him that this case was listed for trial and that he had taken judgment against the defendant because we failed to appear; but immediately thereafter stated that this was not correct, that the case was listed and that he had made a motion to have the court continue the case, which was done. He at that time asked your deponent to file the affidavit of defense.

"Your deponent has no recollection that Mr. Krohn stated that the case was continued until the third Monday of February, 1931."

It will be perceived that counsel for the plaintiff avers directly that he informed counsel for the defendant that the case was continued until February, while counsel for the defendant says he has no recollection of the matter. It is unpleasant to decide a matter of this kind upon conflicting statements of counsel, and we base our decision upon the practice and rule of court in this county, which provides that all cases appealed to the common pleas shall be placed upon the next appeal court list. That is to say, this case was regularly placed upon the October, 1930, list. Defendant and its counsel were bound to know that all appeal cases filed in June would go to the October appeal list for trial. Defendant was, therefore, in default in October, 1930. When it was continued, it went as a matter of course to the February appeal list, and defendant was again in default in February, 1931. All parties are bound to take notice of the fact that we have two weeks for the trial of appeal cases, one in February and the other in October. While trial lists are furnished as a matter of convenience to counsel, yet by our rules of court, failure to receive trial lists is not an excuse for counsel not attending the trial of their cases. While the defendant alleges that it has a just defense to the plaintiff's claim, yet something is due to the plaintiff when it appears that he voluntarily consented to a continuance at the October Term, and when he again appeared with his witnesses at the February Term, and found that the defendant or its counsel was not present. As Judge Henderson said in Logan's Estate, 74 Pa. Superior Ct. 82, 86: "The exercise of generosity does not create a binding obligation for its continuance," and plaintiff now strenuously objects to a further delay. To now open the judgment and allow the defendant to defend plaintiff's claim would be to put plaintiff to the expense and trouble of appearing at the next trial week, which would be a hardship on the plaintiff.

And now, July 13, 1931, rule to show cause why judgment should not be opened is discharged.

From Henry D. Maxwell, Easton, Pa.