Slotnick et al., Appellants, *v.* Lavine et al.

Argued November 13, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Abraham Wernick,* with him *Leonard B. Rosenthal,* for appellants.

*Edward I. Weisberg,* with him *Samuel D. Engelbach,* for appellees.

OPINION BY HIRT, J., January 17, 1947:

After condemning the lethargy of defendants' attorney and extolling the patience of counsel for plaintiffs, the lower court nevertheless opened the judgment entered by plaintiffs for want of an affidavit of defense.

Following service of a summons in assumpsit, plaintiffs' statement of claim was filed on May 2, 1946, and was duly served on defendants, with notice to them to file their affidavit of defense within fifteen days. Plaintiffs claimed $1,171, with interest, representing their loss from defendants' failure to purchase 150 hand trucks in accordance with a sales agreement entered into by them with plaintiffs. Fourteen days after service, defendants entered a rule on plaintiffs for a more specific statement of claim, returnable May 24, 1946. On May 22, 1946, plaintiffs' counsel wrote attorney for defendants, supplying part of the requested information and on the return day of the rule the petition for a more specific statement of claim was withdrawn by agreement of attorneys for both parties. Thereafter, plaintiffs' counsel wrote defendants' attorney on three different occasions and called him on the telephone a number of times urging and insisting that he file an affidavit of defense to the statement of claim. Plaintiffs' attorney testified that, finally on July 24, 1946, he notified defendants' counsel in writing by mail as follows: "I am of the opinion that the long delay in filing an answer in the above case is unjustified. Hence, I am compelled to advise that unless an answer is filed within a few days, I shall be compelled to take judgment and you will have nobody to blame but yourself." When this

notice failed to move defendants' attorney to action, plaintiffs, after further indulgence of 23 days, entered judgment on August 16, 1946, for want of an affidavit of defense, and damages were assessed. On September 6, 1946, defendants petitioned the court to open the judgment. A responsive answer was filed by plaintiffs in which were set forth the various requests made on their behalf for an affidavit of defense during more than two and one-half months of defendants' default. On September 11, 1946, the court opened the judgment and the following day an affidavit of defense was filed.

The judge who sat in the hearing on the rule, accepted the statement of defendants' attorney to this effect: That throughout the period "stenographic difficulties in his office delayed him in the preparation of the affidavit of defense . . . that he called the office of counsel for the plaintiffs [by telephone] for the purpose of obtaining an extension and left his name; and not having received a reply had assumed that no judgment would be taken without some communication to him . . . that he did not receive the letter of July 24th warning him that judgment would be taken unless he filed an affidavit of defense at once." On these findings the judgment was opened.

Even if the findings were supported by credible evidence, they supply no legal justification for the order appealed from. In *Derbyshire Bros. v. McManamy et al.,* 101 Pa. Superior Ct. 514, the facts were parallel to those disclosed in the instant appeal. In that case there were indulgences by one party to the action and long continued default by the other. Under a Rule of Court of Philadelphia County an answer to the affidavit of defense in an action of replevin was due from plaintiffs early in June 1929. Thereafter defendants repeatedly requested plaintiffs to file their past-due answer; and on September 17, and again, and finally, on October 2, 1929, defendants peremptorily demanded that the plead-

ing be filed. When plaintiffs continued in their default, judgment was entered in favor of defendants on October 9, 1929. In the opinion in that appeal Judge KELLER, quoting *Logans Est.*, 74 Pa. Superior Ct. 82, 86, said: " 'The exercise of generosity does not create a binding obligation for its continuance'. There comes a time when in the interests of justice and his client's cause further forbearance may properly be refused by an attorney if satisfied that his courtesy is being taken advantage of for purposes of procrastination and delay, and we agree with counsel for appellants that that time had come in this case. No valid excuse for such long continued delay in the face of repeated requests and demands for action was shown and we are of opinion that the judgment should not have been opened. See Hale v. Uhl, 293 Pa. 454, 143 A. 115." On the authority of the *Derbyshire Bros.* case and the above quoted discussion of Judge KELLER, which is equally applicable here, the lower court is clearly charged with an abuse of discretion in opening the present judgment. Courts have a wide discretion in opening judgments but that discretion must rest on competent evidence. *Woods v. Irwin,* 141 Pa. 278, 21 A. 603. Cf. *Emademe v. Weadick,* 69 Pa. Superior Ct. 369; *Rothkugel v. Smith,* 70 Pa. Superior Ct. 590. We need not refer to the cases cited by appellees except to observe that none of them is analogous.

The evidence is entirely insufficient to supply reasonable excuse for defendants' continued default in this case. Defendants, by the withdrawal of their petition for a more specific statement, in effect conceded that the statement of claim was self-sustaining. Regardless of that, a reading of the statement discloses a good cause of action, in all essentials sufficient to support the judgment. Cf. *Prosewicz v. Gorski et ux.,* 151 Pa. Superior Ct. 309, 30 A. 2d 224. The court clearly is chargeable with reversible error in opening the judgment.

Order reversed and judgment reinstated.