Steigleman *v.* Sciotto, Appellant.

Argued January 9, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*T. Dean Lower,* for appellant.

*Leo C. Mullen,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 18, 1957:

The issue presented by this appeal is whether the court below exercised its discretion properly in refusing to open a judgment.

On November 13, 1952 a judgment by confession was entered against the appellant. On October 4, 1953 the judgment was assigned to the appellee, who on February 15, 1955 issued a sci. fa. to revive.

Appellant was served with the sci. fa. but entered no appearance, so that on March 28, judgment on the sci. fa. was entered against him.

On July 5, execution was issued on the judgment and on July 21, a petition for a rule to open judgment was filed by the appellant. The petition was dismissed and an amended petition was filed, which on March 21, 1956 the court dismissed.

Appellant contends that the allegations in his amended petition present matters which should impel the submission of his cause to a jury, and which, if believed, would constitute a full and sufficient defense.

In *Berkowitz v. Kass,* 351 Pa. 263, 264, 40 A. 2d 691 (1945) we said: "Appellant has confused the controlling principles of law. Courts are not required to open judgments merely because the defendant produces evidence which, if true, would constitute a defense. . . . An application to open judgment is addressed to the court's sound discretion, and, on appeal, the order of the court below will only be reversed for clear abuse of discretion. . . ."

We feel the above expression has pertinent application to the instant situation. Here the appellant delayed from November 13, 1952, the date on which judgment was confessed, until July 21, 1955, to file a petition for a rule to open judgment; he failed to enter an appearance to the writ of sci. fa. to revive, so that on March 28, 1955 a default judgment was taken against him; he has filed allegations which are vague and inconsistent; he has not explained his delay in moving against the judgment entered by confession, and he has completely neglected to give any reason for not acting with reasonable promptness after the entry of the default judgment.

In view of the concatenation of all of these circumstances we cannot conclude that the court below abused its discretion in refusing to issue a rule to open judgment. The order discharging the rule is affirmed at appellant's cost.