Foster, Appellant, *v.* Nixon.

Argued December 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*B. Vetri,* with him *Edward M. Snyder,* and *Snyder & Lowenschuss,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MONTGOMERY, J., March 22, 1961:

This appeal is from the order of the court below opening a judgment by default in a trespass action. On July 3, 1959, Henry Founchious, while crossing a

street in the City of Philadelphia, was struck by defendant's automobile and sustained serious injuries. The following day, Founchious retained counsel to represent him, who wrote defendant on July 7, 1959, requesting him to stop at his office so that the matter might be adjusted. Defendant did nothing pursuant to this letter.

On July 17, 1959, at a hearing in the Philadelphia Traffic Court, defendant was found guilty of reckless driving and was fined. Plaintiff's counsel again contacted him on this date and, receiving no reply, instituted suit on July 22, 1959. Defendant was served properly by the sheriff but no appearance or answer was filed. Plaintiff entered judgment by default, placed the matter on the non-jury trial list for assessment of damages and notified the defendant of this action by letter.

On October 26, 1959, plaintiff died as a result of the injuries sustained in the accident.

On May 7, 1960, defendant was notified by the clerk of the Municipal Court that a hearing was scheduled for May 27, 1960, to assess damages. On May 26, 1960, defendant, by counsel, filed a petition to open the judgment. The petition averred that on July 21, 1959, the day before the complaint was filed, plaintiff gave defendant a release in full settlement of all claims arising from the accident in consideration of $50.00 paid by defendant. The release was allegedly executed by the making of an "X" thereon and acknowledged before a notary public. On July 18, 1960, on this allegation, the petition was granted and judgment opened. This appeal followed.

A petition to open judgment is addressed to the sound discretion of the court of first instance which will be reversed only upon demonstrated and clear abuse of discretion. *Kazanjian v. Cohen*, 175 Pa. Superior Ct. 195, 103 A. 2d 491; *Kogen v. Horowitz*,

169 Pa. Superior Ct. 349, 82 A. 2d 530. There is no time limit on the exercise of the power of a court to open a judgment by default or confession. *Windber Trust Co. v. Evans,* 192 Pa. Superior Ct. 417, 421, 161 A. 2d 664; *Markeim-Chalmers-Ludington, Inc. v. Mead,* 140 Pa. Superior Ct. 490, 14 A. 2d 152; *Dormont Motors v. Hoerr,* 132 Pa. Superior Ct. 567, 1 A. 2d 493. However, to warrant the opening of a judgment, a meritorious defense must be shown. *Rose v. Cohen,* 193 Pa. Superior Ct. 454, 165 A. 2d 264. In addition, equitable considerations must be averred which impress the court with the need for relief. *Brunwasser v. Christopher,* 192 Pa. Superior Ct. 305, 162 A. 2d 228; *Ehnes v. Wagner,* 388 Pa. 102, 130 A. 2d 171.

A default judgment should not be opened on petition of defendant or his counsel who has received repeated notices and requests to take affirmative action, particularly when no valid excuse exists for failure to do so. *Derbyshire Bros. v. McManamy,* 101 Pa. Superior Ct. 514; *Slotnick v. Lavine,* 160 Pa. Superior Ct. 186, 50 A. 2d 544. The dilatory conduct of the defendant in waiting nine months before petitioning the court to open judgment, after having been notified by mail and telephone calls and having been served with the complaint and notified of the entry of the default judgment, certainly indicates laches if not bad faith on the part of the defendant. The defendant's petition was not filed promptly and no reasonable explanation was offered for this long delay. The alleged release upon which defendant relied should have been pleaded, as an affirmative defense, in answer to the complaint. Had this been done, plaintiff, in his lifetime, would have had the opportunity to either admit or deny its validity. The lips of this party are now sealed, and his representative has been placed in a position of disadvantage and prejudice. In any event, a court is not required to open judgment merely because a contention

576

is offered which, if true, would constitute a defense. *Steigleman v. Sciotto,* 388 Pa. 113, 130 A. 2d 181; *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691.

A review of this record leads us to the conclusion that the court below abused its discretion in opening the judgment so long after it was entered when no reasons are assigned for failure to defend and when no reasonable factors are alleged to excuse this delay. Such delay constitutes laches which bars relief, especially when the defendant was fully informed of all proceedings.

Order reversed.

WRIGHT, J., would affirm upon the opinion of Judge BOYLE for the court below.