3. Pennsylvania Power Company, plaintiff, is entitled to no contribution from Conn Welding & Machine Co., defendant, growing out of the settlement of the Kenneth C. Paden case.

## Pennsylvania Power Company v. Conn Welding & Machine Co. (No. 2)

*Chambers, O'Neill, Nicolls & Balph,* for plaintiff.
*Mansell & McKee* and *Henry E. Rea, Jr.,* for defendant.

HENDERSON, J., July 1, 1964.—This matter is before the court as a result of a rule issued on defendant to show cause why the judgment previously entered in this matter should not be opened in part and amended to include provision for further contributive sums to be paid by defendant to plaintiff. In response thereto, defendant has filed an answer asking that the rule be discharged since the petition to open was not filed within the term in which the judgment was entered. To this answer plaintiff has filed a reply putting the matter at issue before the court on that question only.

The previous order in this matter was entered August 5, 1963, which order provided for certain contribution payments between the parties. In pursuance to the Act of April 22, 1874, P. L. 109, sec. 2, 12 PS §689, as amended, there being no exceptions filed to that opinion and order, judgment was entered 30 days later by the prothonotary for the sum of $7,610.67, with interest and costs of suit. That judgment was taken on September 19, 1963, which was shortly after the beginning of the December term of court. Plaintiff presented its petition to open judgment on November 29, 1963, one day prior to the end of the December term of court.

Defendant's position is that this matter is determined by the Act of April 22, 1874, P. L. 109, sec. 2, as amended by the Act of July 10, 1935, P. L. 640, sec. 1, 12 PS §689, which provides for the filing of exceptions to the findings of fact or conclusions of law within 30 days after notice of the entry of the judgment, and also by the case of Harris v. Mercur (No. 1), 202 Pa. 313 (1902), in which the court said:

"The court is required to file its decision in the prothonotary's office of which notice shall be given the parties or their attorneys, 'and if no exceptions thereto are filed in the proper office within thirty days after service of such notice, judgment shall be entered thereon by the prothonotary or clerk'. Both parties are thus

given an opportunity to call the attention of the court to any finding of fact or conclusion of law which may be adverse to them and which they may regard as erroneous. That they will except to any alleged error is clearly contemplated by the act. The court is then required to reconsider its findings and can correct any errors before the entry of final judgment. . . . The act has fixed a limit of thirty days in which he (either party) must exercise his right to object to the decision of the court."

The case then goes on to state that these are statutory commands which cannot be waived or dispensed with by the court.

The opening of a judgment is not a matter of right: Sheaffer v. Hardman, 71 Dauph. 33 (1957). Rather it is a matter addressed to the sound discretion of the court: Steigleman v. Sciotto, 388 Pa. 113, 130 A. 2d 181 (1957).

As a general rule an application to open a judgment should be made before the end of the term in which the judgment was entered: York v. George, 350 Pa. 439, 39 A. 2d 625 (1944). The exception to this is applied in those cases where extraordinary equitable circumstances are found.

". . . while there is no time limit within which to act in striking off or vacating a judgment, it must be in a reasonable time after knowledge, while applications to open, where the cause has been litigated, must be made within term time, except in extraordinary equitable circumstances requiring a contrary result: Salus v. Fogel, 302 Pa. 268." Nixon v. Nixon, 329 Pa. 256, 198 A. 154 (1938), 20 P. L. Encyc. Judgments §210.

Each case involving a petition to open a judgment is dependent upon its particular facts as to lapse of time and circumstances: Kogen v. Horowitz, 169 Pa. Superior Ct. 349, 82 A. 2d 530 (1951).

A judgment will not be opened after a delay, if prejudice has resulted from the delay: Burley v. Filby, 193 Pa. 374, 44 Atl. 453 (1899) : Vallish v. Rapoport, 364 Pa. 25, 70 A. 2d 616 (1950).

Applying these principles to the case at bar we find that the petition to open judgment in part should be granted. Because of the technical, detailed and involved nature of the fact situation in the case and because the court in its opinion of August 5, 1963, specifically limited itself to less than the full amount of time involved upon which benefits should be considered, we find that it was not only within the contemplation of the court but also within the understanding of the parties that this matter would be opened from time to time for additional consideration.

Since there has been no showing or claim that any delay in filing the petition to open judgment has prejudiced the defendant, and since we find that under the particular facts in this case extraordinary equitable circumstances are present, as is indicated by the previous order of court, we shall permit plaintiff to open this judgment in part to submit reasons showing why the defendant should make further contribution payments to it attributable to that period of time subsequent to February 10, 1960.

### Order of Court

Now, July 1, 1964, it is ordered that the rule heretofore issued to show cause why the within judgment should not be opened in part is hereby made absolute, and the parties are permitted to file the necessary pleadings to place at issue the question concerning further contribution rights between the parties which might be attributable to that period of time subsequent to February 10, 1960, the first of such pleadings to be filed within 30 days from the date of filing of this opinion.