## Industrial Valley Bank and Trust Company v. Norman

*Charles V. Henry, 3rd,* for plaintiff.

*Thomas A. Ehrgood, Ehrgood & Ehrgood,* for defendants.

GATES, P. J., February 11, 1969.—On December 30, 1965, plaintiff entered judgment by confession under the terms of a "continuing guaranty" dated February 4, 1958. The guaranty provided that defendants' liability was limited to the sum of $100,000.

On the same date, an affidavit of nonmilitary service, certificate of residence, and averment of default were filed with the continuing guaranty. The amount of the alleged default was $100,000, and the judgment was for $15,000 additional as attorney's fees under the terms of the guaranty.

On August 28, 1968, defendant-petitioners filed two separate petitions: one, a petition to strike off the judgment, and the other, a petition to open the judgment.

On September 23, 1968, plaintiffs filed an answer to the petition to strike off the judgment. On the same date, plaintiff filed preliminary objections to the petition to open the judgment.

We shall first consider petitioners' application to strike off the judgment.

A judgment will not be struck off where the circumstances which are relied on to render the judgment improperly or irregularly entered do not in law have such effect, and it is only where a defect or irregularity appears upon the face of the record that a judgment may be struck off. Thus, it is a rule that a judgment regular on its face may not be struck off or vacated. Facts dehors the record do not justify striking a judgment. Ordinarily, an application to strike

off the judgment is not the proper remedy where there is an issue of fact as to the grounds for relief. There have been cases, however, where the irregularity or invalidity of the judgment are in the record by the petition to strike and are admitted or not denied by the other party: 7 Standard Pa. Prac. §165, et seq. In the present case, plaintiff denies each and every factual allegation in the petition to strike. Furthermore, all of the allegations set forth in the petition to strike off the judgment are dehors the record, i.e., forgery, illegality, and lack of knowledge. Consequently, the petition to strike is not the proper procedure to be employed in this case.

Petitioners' reliance on Pennsylvania Rule of Civil Procedure 209 is misplaced. That rule applies to petitions to open judgments and other similar matters, but it does not apply to petitions to strike off judgments, because all of the facts are necessarily of record. See Shuchman, Penna. Judgment Notes, 157, 158. The logic of the proposition is unassailable. A petition to strike is analogous to a demurrer. Only the matters of record, i.e., the continuing guaranty, the affidavit of nonmilitary service, and the averment of default, are before the court for scrutiny. They being regular on their face and the procedure employed authorized by the continuing guaranty, the judgment is regular on its face. Of course, petitioners do not attack the regularity of the record judgment but rely for their assault upon facts not of record. This they cannot do, and the petition to strike off the judgment will be refused.

We turn now to petitioners' application to open the judgment.

We had recent occasion to review the applicable legal principles in a proceeding to open a judgment and will not restate these principles here. See Anna M. Stefonich v. Ira J. Wallace, C. P., June term, 1964,

no. 130, January 13, 1969. It is sufficient to characterize such a proceeding as an equitable one addressed to and appealing to the sound discretion of the court which must act upon equitable principles.

It has also been held that, in proper cases, judgments by confession are subject to being opened, whether they are entered by virtue of authority granted in a warrant of attorney to confess judgment or in an amicable action: Steigleman v. Sciotto, 388 Pa. 113; Williams v. Notopolos, 259 Pa. 469; Fogerty v. Dix, 75 Pa. Superior Ct. 214.

Some of the reasons assigned by petitioners in support of their request that this judgment be opened are as follows:

(1) Petitioners do not know the nature or amount of actual liability claimed by plaintiff under the guaranty;

(2) That many notes were charged by the bank to the account of petitioners which were executed by debtors to plaintiff bank without any liability to petitioners;

(3) That plaintiff or its servants, agents or employes forged the signature of petitioners on notes that have been charged to petitioners and are included in the amount of liability claimed;

(4) That included in the amount of liability claimed is interest in excess of the agreed rate of interest;

(5) That in the total amount of liability claimed by the bank against petitioners are duplicate accounts;

(6) That the transaction was illegal in that the bank violated the laws of the United States by lending in excess of its lending power;

(7) That plaintiff bank agreed to credit petitioners with the sum of $50,000 which the bank failed to do.

Petitioners have averred six or seven additional reasons of lesser import in support of their application. In view of the result we reach, it is unnecessary to state them at this time.

The bank's preliminary objections are 15 in number, 7 of which are requests to strike paragraphs in the petition for impertinence. The remaining paragraphs are in the nature of requests for more specific allegations. We find no merit in these objections.

For example, the bank avers that it is impertinent to this proceeding that petitioners have no knowledge of the actual amount of liability owed to the bank. It is apparent from the nature of the "continuing guaranty" that it is a blanket security device covering any and all discounted notes, bills, receivables, drafts, acceptances, checks or other instruments or evidences of indebtedness upon which the Normans may become liable as maker, endorser, acceptor, or otherwise. We are of the opinion that it is not only fair and equitable but an essential element of proof that the bank give an account of the sums claimed in its demand. It is not contended that on the date the continuing guaranty was executed, the bank loaned the Normans $100,000. The undertaking contemplated periodic loans and payments by the bank for the account of the Normans up to the $100,000 limit of liability. Surely, the Normans are entitled to know what particular items were accepted, discounted or paid by the bank as well as the basis upon which said payments were made on behalf of the Normans under the terms of this blanket guaranty. We do not view it as impertinent but quite necessary.

The bank claims that we should strike the paragraph as impertinent which alleges that the transaction is illegal and in violation of a federal law. That our courts are not available for the enforcement of illegal transactions is so well settled as to require no further author-

ity than a statement of the principle. Certainly, it is not impertinent to this proceeding.

As to specificity, the bank asks us to require that petitioners identify the notes, set forth the terms of the notes, and indicate with whom, when, and where the agreement was reached, whereby the interest rate of six percent was agreed between the parties and a rate in excess of six percent was charged to petitioners. The bank has the notes and petitioners claim they have no knowledge of these transactions and, therefore, are hardly in a position to be specific about it. Furthermore, the name of the bank officer, the place, and the time the agreement was entered into are evidentiary matters and can be determined by the taking of depositions.

One more example ought to suffice. The bank would have us require petitioner to be more specific about the agreement of the bank to credit petitioner in the amount of $50,000 which petitioner claims the bank has failed to do. The bank would have us require petitioner to set forth the terms of the agreement, the place where the agreement was made, the name of plaintiff's officer who entered into such agreement, and whether or not the agreement was oral or in writing. The law presumes, in the absence of evidence to the contrary, that the agreement was oral, for, if it was in writing, our pleading rules require a copy of the writing to be attached to the pleading. The place where, the identity of the agent, and the terms of the agreement are matters of evidence and can be determined on deposition. It is a sufficient allegation, supported by an affidavit, that the bank agreed to credit petitioners the sum of $50,000. Why the bank would do this and under what terms the bank either knows or should deny. We will not require petitioner to plead these details in the proceeding.

We are satisfied that the petition ought to be granted, if for no other reason than that set forth in paragraph 8, wherein it is alleged that agents of the bank forged the signature of petitioners on notes and have charged the liability therefor to petitioners' account. The facts of the petition are sworn to be true by both petitioners, and, if they were to testify to that effect in the proceeding, the burden would shift to the bank to prove the genuineness of defendants' signatures on the note: Yank v. Eisenberg, 408 Pa. 36.

In conclusion, petitioner here has acted promptly and has averred facts which, if established, would defeat a substantial portion of this rather large judgment, if not the entire amount. Further, the details requested by the bank in its pursuit for specificity can be disclosed by filing an answer and the taking of depositions.

Therefore, after careful consideration, we will make the following

ORDER

And now, to wit, February 11, 1969, the petition to strike off the judgment is refused, and the preliminary objections to the petition to open are refused. Leave is granted respondent to file an answer to the petition to open within 30 days of the date of this order. Costs to abide the event.