427 A.2d 162

**MAURICE GOLDSTEIN CO., INC., Appellant,**

v.

**Ralph MARGOLIN, t/a Margo Realty.**

Superior Court of Pennsylvania.

Argued June 12, 1980.

Filed Dec. 29, 1980.

Reargument Denied April 14, 1981.

162

Richard D. Malmed, Philadelphia, for appellant.

David L. Pollack, Philadelphia, for appellee.

Before WICKERSHAM, WATKINS and LIPEZ, JJ.

WICKERSHAM, Judge:

This is an appeal from an order granting a petition to open a default judgment. We reverse.

The relevant procedural history of this case is set forth in the lower court's opinion.

"Plaintiff filed its Complaint in Assumpsit on December 1, 1972, claiming damages in the amount of $15,842.27, plus interest and costs for defendant's failure to pay for fuel oil delivered and used from September, 1966 to the date of the Complaint. The return of service filed by the Sheriff of Philadelphia County indicates that the Complaint was served

on the Manager of the apartment building wherein defendant resided on December 5, 1972, in compliance with Pa.R. Civ.P. 1009(b)(2)(ii). No responsive pleading whatsoever was filed by defendant, however, and on February 23, 1973, plaintiff took a default judgment.

"On May 30, 1975, defendant filed a Petition to Open Judgment. In early August, 1975, the Petition to Open was assigned to this Court for disposition. On August 21, 1975, this Court denied defendant's Petition. An appeal to the Superior Court of Pennsylvania followed, being No. 59 of October Term, 1976.

"On June 29, 1977, the Superior Court, per Spaeth, J., filed an opinion reversing this Court's Order refusing to open judgment and remanding the case for further proceedings pursuant to Pa.R.Civ.P. 209. *Maurice Goldstein Co., Inc. v. Ralph Margolin, t/a Margo Realty*, 248 Pa.Super. 162, 374 A.2d 1369 (1977).

"On March 28, 1978, defendant filed the deposition of Ralph Margolin, and on April 14, 1978, filed two sets of stipulations. All of this evidence, together with that already of record, was considered by the Court. On October 26, 1978, this Court opened the judgment and granted defendant twenty days to file an appropriate responsive pleading.

"Plaintiff filed its Notice of Appeal to the Superior Court on November 9, 1978." (Lower Court's Opinion at 3a—4a of the Reproduced Record) (Plaintiff is appellant, Maurice Goldstein Co., Inc. and defendant is appellee, Ralph Margolin t/a Margo Realty).

The standard for review of an order granting a petition to open a default judgment is as follows:

Our task on review is well settled. A petition to open a default judgment in assumpsit is an appeal to the equitable power of the court and is to be exercised only when three factors coalesce: 1) the petition has been promptly filed; 2) a meritorious defense can be shown; 3) there is a reasonable excuse for failure to file an answer. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973);

*Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971); *St. Joe Paper Company v. Marc Box Company, Inc.*, 260 Pa.Super. 515, 394 A.2d 1045 (1978). This court will not reverse a lower court ruling either opening or refusing to open a default judgment, unless an error of law or a clear, manifest abuse of discretion is shown. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Epstein v. Continental Bank & Trust Company*, 260 Pa.Super. 522, 394 A.2d 1049 (1978); *Nevils v. Chernitsky*, 244 Pa.Super. 501, 368 A.2d 1297 (1976).

*Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 133, 403 A.2d 577, 579 (1979).

■ We find that Mr. Margolin failed to satisfy the requirement of a prompt filing of the petition. The Pennsylvania Supreme Court set forth the test for determining whether a petition to open judgment has been promptly filed in *Queen City Electrical Supply Co., Inc. v. Soltis Electric Co., Inc. (and The Cement National Bank)*, 491 Pa. 354, 421 A.2d 174 (1980):

"The sole remaining issue, then, is whether the petition to open was promptly filed. This is always an equitable determination which must be made in light of what is reasonable under the circumstances. Indeed, it is well established that where equitable circumstances exist, a default judgment may be opened regardless of the time that may have elapsed between entry of the judgment and filing of the petition to open. *See Baranofski v. Malone*, 371 Pa. 479, 482, 91 A.2d 908, 909 (1952)." 491 Pa. at 361, 421 A.2d at 177.

The pertinent facts in this case are as follows. Between December 1, 1972, when appellant's complaint in assumpsit was filed and May 30, 1975, when Mr. Margolin filed his petition to open judgment, many attempts to notify Mr. Margolin of this suit and the default judgment were made. These attempts included the following: 1) On December 5, 1972, the sheriff served a copy of appellant's complaint upon Mr. Hollander, the manager of the apartment house at 1014 Spruce Street, Philadelphia, where Mr. Margolin was then residing (Docket Sheet at 1a of the Reproduced Record;

Appellee's Petition To Open Judgment at 15a of the Reproduced Record); 2) On February 23, 1973, a letter notifying appellee of the default judgment in Pennsylvania was sent by regular mail to Ralph Margolin t/a Margo Realty, 1014 Spruce Street, Philadelphia, Pa. (Stipulation by counsel dated March 22, 1978, at 7a, 9a of the Reproduced Record); 3) A judgment was entered against Ralph Margolin t/a Margo Realty in Delaware on the judgment transferred from Pennsylvania, and on April 2, 1974, notices of this entry were sent by certified mail, return receipt requested, to Ralph Margolin at 2 W. 26th Street, Wilmington, Delaware 19802 and at 1014 Spruce Street, Philadelphia, Pa. (Stipulation by counsel dated March 22, 1978, at 8a of the Reproduced Record); and 4) appellant's counsel left telephone messages for Mr. Margolin concerning the entry of default judgment at his Wilmington office (Appellant's New Matter at 18a of the Reproduced Record).

In his pleadings and deposition, Mr. Margolin denied receiving any of these letters, notices, or phone messages. He claimed that he first learned of the default judgment in April, 1975, when he received a letter concerning the action being taken in Delaware. (Appellee's Petition To Open Judgment at 16a of the Reproduced Record; Appellee's Deposition at 27a, 31a of the Reproduced Record). He admitted that he had resided at the apartment building at 1014 Spruce Street, Philadelphia, where he had received the letter in April, 1975, and that Milton Hollander had been the apartment manager and had known Mr. Margolin. (Appellee's Petition To Open Judgment at 15a, 16a of the Reproduced Record; Appellee's Deposition at 24a—25a of the Reproduced Record). Mr Margolin also testified that he had been president and stockholder of a corporation, Margo Realty Company, with its office registered in his mother's home at 2 West 26th Street, Wilmington, Delaware. (Appellee's Deposition at 27a—28a, 30a of the Reproduced Record). In addition, counsel for both parties stipulated that the letter sent to Mr. Margolin's Philadelphia address on February 23, 1973 was never returned, and that the notice sent to

the same address on April 2, 1974, concerning the entry of judgment in Delaware, is marked "UNCLAIMED" with the notation that Mr. Margolin was notified about it on April 3, 1974. This notice and the duplicate one sent to the Wilmington address were both returned by the post office. (Stipulation by counsel dated March 22, 1978, at 7a—8a, 10a of the Reproduced Record).

We conclude that no equitable circumstances exist here to justify opening the judgment against appellee at this late date. Numerous attempts were made to notify Mr. Margolin of appellant's suit and the default judgment at both his Philadelphia residence and his mother's Wilmington residence, which was also the registered office of Margo Realty Company. Although Mr. Margolin flatly denies receipt of these notices and telephone messages, he provides no additional information which might support his denial, but instead confirms the identity of the apartment manager and the addresses. Moreover, the letter which Mr. Margolin claims finally alerted him to this matter was sent to the same Philadelphia address as were the complaint, the letter concerning the default judgment in Pennsylvania, and the notice of entry of judgment in Delaware. Mr. Margolin did not explain why the apartment manager, who knew him, failed to give him the complaint or why he never received the other documents addressed to his admitted residence. We note that if the judgment were opened in this case, appellee's defense would be that appellant brought suit against the wrong party and that a corporation named Margo Realty Company is the proper defendant. If appellee were to succeed in raising this defense, a suit against Margo Realty Company may be barred by the four year statute of limitations, 42 Pa.C.S.A. § 5525.

This case is similar to *Foster v. Nixon*, 194 Pa.Super. 572, 168 A.2d 630 (1961), where this court stated in holding that the lower court had abused its discretion in opening a default judgment:

A default judgment should not be opened on petition of defendant or his counsel who has received repeated notices

and requests to take affirmative action, particularly when no valid excuse exists for failure to do so. *Derbyshire Bros. v. McManamy,* 101 Pa.Super. 514; *Slotnick v. Lavine,* 160 Pa.Super. 186, 50 A.2d 544. The dilatory conduct of the defendant in waiting nine months before petitioning the court to open judgment, after having been notified by mail and telephone calls and having been served with the complaint and notified of the entry of the default judgment, certainly indicates laches if not bad faith on the part of the defendant. The defendant's petition was not filed promptly and no reasonable explanation was offered for this long delay.

*Id.,* 194 Pa.Super. at 575, 168 A.2d at 631.

■ As we have seen more than five attempts to notify Mr. Margolin about appellant's claim were made before Mr. Margolin responded by filing his petition to open judgment. Two years and three months had passed since the entry of that judgment. We hold that the order of the lower court granting appellee's petition to open judgment constituted an abuse of discretion.

Order reversed.