## Kuntz, Appellant, *v.* Lanbar Hotel Co., Inc.

Argued November 10, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Daniel F. Metzman,* for appellants.

*John W. Fawcett, III,* with him *Richard E. Mc-Devitt* and *Montgomery, McCracken, Walker* and *Rhoads,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1955:

The appeals are from an order of a court of common pleas opening a default judgment.

Plaintiffs, husband and wife, instituted an action in trespass against defendant, a hotel company, alleging that both of them were injured through the negligence of defendant. It is averred that the steps on which plaintiffs fell were not maintained by defendant in a safe condition. Damages were claimed aggregating $30,000.00.

The accident occurred November 1, 1953. Suit was commenced February 5, 1954 and the complaint served on defendant the same day. Plaintiffs entered judgment against defendant for want of an appearance, on March 9, 1954. On the following day, March 10, 1954, defendant's attorney filed an order for appearance, but learned that judgment had been entered by default. On March 11, 1954, defendant filed a petition and rule to show cause why the judgment should not be opened. Plaintiffs answered the petition, averring New Matter. This "New Matter" mentioned many instances where plaintiffs' counsel was said to have negotiated

with a representative of defendant's insurance carrier, not counsel for defendant. Plaintiffs entered the judgment after a ten-day extension of time had been granted to the insurance carrier to file an appearance. The rule to open was made absolute.

When a default judgment is opened the inquiry is whether or not the court abused its discretion. In *Glass v. Farmers National Bank of Watsontown, Trustee,* 364 Pa. 186, 70 A. 2d 356, this Court, speaking through Mr. Justice JONES, said (p. 190): "The crucial question, then, is whether the action of the learned court below constituted an abuse of discretion. That an exercise of discretion, relieving from a judgment entered by default, is reviewable only for an abuse is so firmly established in the law as to require little citation of authority. In Scott v. McEwing, 337 Pa. 273, 274-275, 10 A. 2d 436, we observed that 'The power of a court to grant relief from a judgment entered by default due to a mistake or oversight of counsel is one frequently exercised in the interest of justice, and we have repeatedly said that this Court will not interfere with the lower court's action unless it is clearly shown that its discretion has been abused: [citing cases].' Furthermore, the propriety of the relief is to be adjudged on the basis of equitable principles; such proceedings are equitable in nature and are to be ruled accordingly: see Horn v. Witherspoon, 327 Pa. 295, 296, 192 A. 654, and cases there cited. In the present instance, the learned court below found on substantial evidence, which it justifiably accepted as credible, that the delay in not having the plaintiff's complaint ready for filing until two days after the day certain fixed by the court's order for that purpose was due to unusual exactions upon counsel's time and upon his clerical facilities; and that the delay was excusable. The plaintiff's application for the relief was prompt.

In fact, it was almost immediate. In such circumstances, we could not properly say that the court abused its discretion in striking off the default judgment." See also: *Myers v. Harrisburg Taxicab and Baggage Co., Inc.,* 368 Pa. 20, 82 A. 2d 14.

Appellants complain that the court exercised its discretion merely upon petition and answer. The petition to open judgment was executed by Richard E. McDevitt, Esq., a reputable member of the Philadelphia County Bar. There are no substantial questions of fact raised. The determination of the issue by the court below rests upon conclusions of fact and law. No useful purpose would be served in requiring the taking of depositions where, as here, there is no substantial factual dispute. In *Vallish v. Rapoport,* 364 Pa. 25, 70 A. 2d 616, this Court, speaking through Justice LINN, said (p. 27) : "In proceedings to open judgment the practice by petition and answer is well established. 'When the answer was filed, defendant had the choice of taking depositions, limited, of course, to the issues made by the pleadings (Fisher v. King, 153 Pa. 3 [25 A. 1029 (1893)]; Bauer v. Hill, 267 Pa. 559, 563 [110 A. 346 (1920)]), and then having the application heard on petition, answer and depositions; or of having it heard on petition and answer alone, in which event the averments of the answer, so far as they were responsive to those of the petition, would have to be taken as true: Kelly et al. v. International Clay Products Co., 291 Pa. 383 [140 A. 143 (1928)]. This is the established practice, entirely aside from the applicable rule of the court below, which was quoted in appellee's brief.' M. A. Long Co. v. Keystone Portland Cement Co., 302 Pa. 308, 315-316, 153 A. 429 (1931). The issue to be tried should be made by the petition and the answer: State Camp etc. v. Kelley et al., 267 Pa. 49, 110 A. 339 (1920) ; Miller v. Mastrocola et al.,

133 Pa. Superior Ct. 210, 2 A. 2d 550 (1938); Warren Sav. Bank & T. Co. v. Foley, 294 Pa. 176, 144 A. 84 (1928)."

There is no reason to require petitioners to show a defense on the merits in a *trespass* case before a default judgment is opened, where the equities are otherwise clear. This is, of course, required in an *assumpsit* action where an answer on the merits is necessary to put the case at issue. See *Scott v. McEwing,* 337 Pa. 273, 275, 10 A. 2d 436.

We have carefully examined the record and are of opinion that the learned court below did not abuse its discretion in opening the judgment.

The order is affirmed. Costs to abide the event.