## Sutton *v.* Alexander, Appellant.

Argued March 26, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John P. Yatsko,* for appellant.

*Richard S. Lowe,* with him *Fox, Differ, DiGiacomo & Lowe,* for appellee.

OPINION BY ERVIN, J., June 12, 1962:

James V. Alexander, defendant in a trespass action, took this appeal from the refusal of the court below to open a default judgment.

The automobile accident occurred on February 9, 1958. Within a few days the defendant consulted an attorney and was advised thereafter by him in connection with this case and also in connection with proceedings to suspend his motor vehicle operator's license.

There was a change in plaintiffs' attorney and on November 23, 1959 their new attorney wrote a letter to the defendant asking him to communicate with him. This he failed to do. A complaint in trespass was filed on January 6, 1960 and was served on the defendant personally on June 25, 1960. The complaint had to be reinstated twice before service could be made on the defendant. The defendant did not notify his attorney of the service of the complaint and on August 2, 1960 a judgment was taken for the want of an appearance. The defendant knew what the complaint was and that it involved the accident of February 9, 1958. A petition to open the judgment was filed on October 20, 1960. Defendant's only reason for not promptly notifying his attorney was that he thought his attorney "would be notified also." He had been advised by his

attorney that suit might be instituted against him. His neglect to notify counsel was a matter of neglect for which he was responsible.

An application to open judgment is governed by equitable principles and is addressed to the sound discretion of the court: *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691; *Morrisville Shopping Center v. Sun Ray Drug Company,* 381 Pa. 576, 112 A. 2d 183. In trespass actions it is not necessary that defendant state a meritorious defense, where the equities are clear, in order to have judgment opened: *Scott v. McEwing,* 337 Pa. 273, 10 A. 2d 436. We do not find the equities to be clear in this case in defendant's behalf.

There has been considerable delay in this case and a reading of the record convinces us that the defendant is responsible for most of it. Furthermore, the record indicates that the defendant was not insured at the time of the accident. After long delay the plaintiffs may find that they have uncollectible judgments.

We do not find any abuse of discretion in the action of the court below.

Order affirmed.