## Wheel, Appellant, *v.* Park Building.

Argued October 1, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Homer W. King,* with him *Francis V. Sabino,* for appellant.

*David H. Trushel,* with him *Dickie, McCamey, Chilcote & Robinson,* for appellee.

546

Opinion by Mr. Justice O'Brien, November 27, 1963:

Appellant suffered personal injuries when a glass panel in a door in appellee's building broke, allegedly as a result of appellee's negligence. An action of trespass was instituted and the complaint was served on appellee's manager on April 10, 1962. Sixty-nine days later, on June 18, 1962, a default judgment was entered against appellee for want of an appearance or answer.

A petition to open the default judgment was filed on June 29, 1962 and a rule was granted on appellant, to show cause why the judgment should not be opened. Appellant filed an answer and depositions were taken. The court below made absolute the rule to show cause, and admitted the appellee to a defense; this appeal followed.

A long line of cases has established the principles that: (1) relief will be given to one against whom a default judgment has been taken where a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits; and (2) an order making absolute a rule to open judgment entered by default and to let defendant into a defense will be reversed on appeal only where there has been a clear manifest abuse of discretion by the court below. *Fuel City Mfg. Co. v. Waynesburg P. C.*, 268 Pa. 441, 112 A. 145 (1920); *Pinsky v. Master*, 343 Pa. 451, 23 A. 2d 727 (1942); *Quaker City C. & C. Co. v. Warnock*, 347 Pa. 186, 32 A. 2d 5 (1943); *Britton v. Continental Min. & Smelt. Corp.*, 366 Pa. 82, 76 A. 2d 625 (1950).

The instant case fits squarely within the criteria established for granting the relief prayed for. The petition to open was filed promptly after the entry of the default judgment; the default was reasonably explained as an inadvertent error on the part of ap-

pellee's manager in forwarding the complaint to the wrong insurance carrier and the confusion arising therefrom; and a defense on the merits was properly pleaded in the petition to open.

We cannot say that the court below committed a clear manifest abuse of discretion. On the contrary, the record indicates that the court exercised its discretion in a manner dictated by the circumstances.

Order affirmed.

Mr. Justice MUSMANNO dissents.