Richmond, Appellant, *v*. A.F. of L. Medical
Service Plan of Philadelphia.

Argued September 29, 1964.   Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*Murray C. Goldman,* for appellant.

*Richard J. Van Roden,* with him *Francis E. Shields,*
and *Pepper, Hamilton & Scheetz,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 10,
1964:

This is an appeal from an Order of the Court of
Common Pleas No. 2 of Philadelphia County, granting
a rule to open judgment in favor of defendant, James
H. Kates, M.D.

The plaintiff, Richmond, on February 7, 1964,
brought an action in trespass against A.F. of L. Medi-

cal Service Plan of Philadelphia and three of its physicians, asserting negligence in improperly diagnosing the ailment for which he was examined. On February 13, 1964, all defendants were served with copies of the complaint. All defendants except Kates filed appearances within the prescribed twenty day period, and also filed answers on March 5, 1964. On March 5, 1964, Richmond entered judgment against Kates for want of an appearance and for failure to file an answer.

On March 6, 1964, Kates, by his attorney, filed a petition to open the default judgment. The petition averred that Kates was insured against liability; that on March 4, 1964, his insurance carrier forwarded the file to its counsel, and when counsel attempted to enter his appearance on March 5, 1964, the default judgment had already been entered against Kates. The petition also averred that Kates "has a just and meritorious defense to the plaintiff's claim", but did not set forth, as better practice requires, the details of such defense.

The law is well settled that: "A petition to open a judgment by default is addressed to the sound discretion of the court below and is essentially an equitable proceeding ruled by equitable principles, and petitioner must aver not only the existence of a valid defense, but equitable considerations which appeal to the conscience of the Chancellor.

"The decision of the lower court will be reversed on appeal only when there has been a clear or manifest abuse of discretion: [Citing cases]": *Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections*, 386 Pa. 50, 53, 123 A. 2d 406. Accord: *Wheel v. Park Building*, 412 Pa. 545, 195 A. 2d 359; *Girard Trust Corn Exchange Bank v. Sweeney*, 413 Pa. 203, 196 A. 2d 310; *Minetola v. Samacicio*, 399 Pa. 351, 160 A. 2d 546.

We find no abuse of discretion.

Order affirmed.