## McDonald, Appellant, *v.* Allen.

Argued November 17, 1964. Before BELL, C. J., MUSMANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 2, 1965.

*Edwin S. Malmed,* for appellant.

*Raphael Goldstein,* for appellee.

OPINION PER CURIAM, January 12, 1965:

Thomas E. McDonald filed a trespass action against Billy Allen on October 29, 1963.

The complaint was served November 4, 1963, and, in the normal course of events, an appearance was due to be filed by November 25, 1963. Despite numerous telephone requests from McDonald's counsel and a letter from him dated December 20, 1963 asking Allen's insurance company to enter an appearance and file an answer "at once", no appearance was filed in behalf of Allen. On February 14, 1964, some 82 days after the answer was due, McDonald entered judgment by default.

On March 11, 1964, Allen petitioned to open the judgment and McDonald filed an answer denying the material averments of the petition. Depositions were taken on April 16, 1964; and the court below made absolute the rule to open the judgment. This appeal followed.

The court below gave no reasons for opening the judgment, except that: "While it appears that on the surface plaintiff's counsel was justified in taking judgment under the circumstances, nevertheless the judgment was opened. The rule was made absolute by reason of the nature of the accident itself and the fact that plaintiff will not be prejudiced thereby."

In *Ehnes v. Wagner*, 388 Pa. 102 at 104, we said: "To open judgment, the petitioner must not only aver a valid defense but he must also establish equitable considerations which impress the court with the need for relief: Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections, 386 Pa. 50, 53, 123 A. 2d 406."

The court below made no findings or conclusions as to equitable considerations which called for the opening of the judgment. The defendant in his brief argues the existence of such equitable considerations, but the record fails to support them.

He attacks the service of the complaint, but the deputy sheriff, who appeared at the depositions as defendant's witness, testified that he called at defendant's residence and served the person who identified himself as Billy Allen, the defendant. The defendant admits that the complaint was in his possession, but argues that he was imposed upon by the many telephone conversations made by plaintiff's counsel to defendant's insurance carrier and by the letter of December 20, 1963, in which conversations and letter, plaintiff's counsel repeatedly requested that an answer be filed. He claims that by reason of the letter and the weekly telephone calls, he was led to believe that no default judgment would be taken. Thus, the defendant would rely on plaintiff's counsel's indulgence as a representation that he would continue to be indulgent, despite the defendant's continued ignoring of the plaintiff's counsel requests and demands for the fil-

ing of an answer. Such an argument does not respond to reason or justice. The Superior Court well stated this kind of a situation in *Derbyshire Bros. v. McManamy,* 101 Pa. Superior Ct. 514: "Whatever return indulgence he had earned by his extension of time to defendants' counsel had long since been exhausted and the debt was by this time all the other way. In the face of the peremptory demands of September 17th and October 2d, he had no right to rely on the defendants' counsel's further indulgence and forbearance. As was well said by Judge HENDERSON, speaking for this court in Logan's Est., 74 Pa. Superior Ct. 82, 86, 'The exercise of generosity does not create a binding obligation for its continuance.' There comes a time when in the interests of justice and his client's cause further forbearance may properly be refused by an attorney if satisfied that his courtesy is being taken advantage of for purposes of procrastination and delay, and we agree with counsel for appellants that that time had come in this case. No valid excuse for such long continued delay in the face of repeated requests and demands for action was shown and we are of opinion that the judgment should not have been opened. See Hale v. Uhl, 293 Pa. 454."

A review of the record fails to reveal any "equitable considerations" calling for the opening of the judgment.

Order reversed.