## Eastlick, Administratrix v. Pennsylvania Power Company

*Richard J. Audino,* for plaintiff.
*William C. Kuhn,* for defendant.

STRANAHAN, P. J., October 7, 1971.—This case originated with the filing of a praecipe by plaintiff for the issuance of a summons in trespass against the Pennsylvania Power Company on May 3, 1971. The summons was duly issued by the Prothonotary of Mercer County and served on the defendant on May 4, 1971.

On May 7, 1971, William C. Kuhn entered his appearance as counsel of record for the defendant corporation and notified plaintiff's counsel of the fact.

On June 14, 1971, counsel for defendant filed a praecipe for a rule on plaintiff to file a complaint within 20 days of service of the rule pursuant to Pennsylvania R. C. P. 1037(a). This rule was served on plaintiff's counsel on June 16, 1971, thereby requiring a complaint to be filed by July 6, 1971, in order to comply with the 20 day provision.

The latter part of June, 1971, a letter was written from the office of counsel of plaintiff signed by his secretary advising defense counsel that Mr. Audino, the attorney for plaintiff, was on vacation but would return after July 4, 1971, at which time he would file a complaint in the case. No request was contained in the letter for an extension of time by plaintiff because of the vacation period.

On August 2, 1971, defendant's counsel, having not received the complaint nor any communication from plaintiff's counsel explaining the failure to comply with the rule concerning the filing of a complaint, then filed a praecipe with the Prothonotary of Mercer

County for a judgment of non pros., which was entered on the record on August 2, 1971. Notice of the entry of this judgment of non pros. was then sent to the plaintiff's counsel. Plaintiff's counsel then filed a petition to open the judgment of non pros. and a rule to show cause was issued as to why the judgment of non pros. should not be opened.

At the time of argument, the court suggested to counsel for the plaintiff that possibly he would like to create a record in order for the court to have some basis to determine the factual situation surrounding this incident, but plaintiff's counsel has indicated to the court that the failure to file the complaint was an oversight on his part attributable solely to his negligence and that he has no excuse for failing to file a complaint other than this reason. He further points out that his client, of course, would be substantially prejudiced and raises the question as to whether defendant has been prejudiced as the result of passage of time.

As was pointed out in McDonald v. Allen, 416 Pa. 397, a petition to open a judgment is an appeal to the equitable side of the court, and the petition must establish equitable considerations which convince the court that justice can best be served by the striking of the judgment. The same is true, of course, in a motion to open a non pros.

In Wheel v. Park Building, 412 Pa. 545, the court established certain guidelines for opening a judgment by default and in Thorn v. Clearfield Borough, 420 Pa. 584, the court applied the same guidelines in determining whether a judgment of non pros. should be taken off. These guidelines are as follows:

(1) The petition should be timely filed;

(2) The reason for the default reasonably explained or excused, and

(3) Facts constituting grounds for a cause of action be alleged.

While plaintiff may have complied with the requirement that the petition be timely filed, this court does not believe that he has complied with the second requirement, which is that he give a reasonable explanation or excuse for the default.

This court has long felt that every effort should be made to apply the technical rules of pleading with the purpose of permitting litigants to try their cases on the merits, but if the court is to disregard the technical rules of pleadings because the attorneys have not complied with them, then in substance there is no purpose in having these rules. We do believe that there may be instances, for example, where judgments are taken on the twenty-first day by an attorney who is anxious to avoid litigation of his case on its merits because of the weakness of the case, but this is not the situation with which we are confronted here.

In the present case the 20-day period expired on July 6, 1971, and it was not until August 2, 1971, a period of approximately one month after the 20-day period that the counsel for plaintiff entered a non pros. on behalf of his client. We feel that this action was justified under the circumstances and for us to hold otherwise would open the door for attorneys to disregard the time element of the rules of civil procedure and take the position that their oversight should be condoned by the court because it does not prejudice the parties involved. In this court's opinion, the passage of time, particularly in this case, may well have prejudiced the rights of the parties. It appears from the briefs in the case that this summons was filed as a result of an accident which occurred 11 months before the summons was issued. Since the date of the accident was June 5, 1970, a period of

more than a year had passed since the accident happened, and still plaintiff had not seen fit to file a complaint.

We, therefore, rule that plaintiff has not offered any explanation or excuse which is reasonable for his failure to act under these circumstances.

Wherefore, the court refuses to open the judgment of non pros.

### ORDER

And now, October 7, 1971, the court refuses to open the judgment of non pros. in this matter.