## Roselon Industries v. Associated Knitting Mills

*Theodore J. Martineau,* for plaintiff.
*Samuel Rappaport,* for defendant.

HIRSH, J., December 17, 1971.—This matter is before the court on a petition to open judgment entered as the result of an ex parte arbitration proceeding.

Judgment plaintiff is a manufacturer of nylon yarn known as Ban-Lon yarn. Defendant, Associated Knitting Mills, is in the business of purchasing yarn from various suppliers, knitting same into cloth, cutting the cloth and sewing it into various colors. Upon receipt from the dyer, defendant then sells the resulting garments to the trade for ultimate sale to the consumer. This process can take weeks. Defects in the yarn only become noticeable when the yarn comes back from the dyers and not before.

Defendant ordered over $90,000 worth of yarn from judgment plaintiff. Of this amount, approximately $24,000 was returned to defendant in the form of credits

for defective yarn. The remainder is the subject of this litigation.

Judgment plaintiff alleges that ,upon receiving of each order from defendant, they would send an order form. This order form on the front states that there is an arbitration provision on the reverse side. At the bottom of the reverse side, there is language which purports to be an arbitration clause. The small print on the original side states that this form becomes a contract only when signed and delivered by buyer to seller and accepted in writing by seller, or when buyer has accepted delivery in whole or in part of any of the yarn. Defendant denies that it ever received copies of any of these forms and plaintiff does not contend that defendant ever signed the form or delivered it to seller or that seller accepted same in writing as required by the very terms of the "contract." Therefore, the only way in which defendant can be held to be bound is by a contract arising by reason of buyer's acceptance of the yarn.

Section 2-608(1) of the Uniform Commercial Code of October 2, 1959, P. L. 1023, 12A PS §2-608, provides:

"(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it."

This, buyer did promptly upon his discovery of the fact of non-conformity.

Subsection 3 of the same section provides:

"(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them."

These facts lead to the conclusion that a contract between the parties never arose. Buyer neither signed the form nor accepted delivery of the yarn. Buyer

returned the defective yarn that is the subject of this litigation.

Therefore, since no contract existed, the ex parte arbitration hearing and award were void.

If we proceed on the assumption that the contract was valid, as did plaintiff, we believe judgment plaintiff should not have proceeded to arbitration ex parte in any case.

Arbitration by its very nature cannot be ex parte. People must appear and state their case. See Scholler Brothers, Inc. v. Hagen Corporation, 158 Pa. Superior Ct. 170 (1945). The Arbitration Act of April 25, 1927, P. L. 381, 5 PS § 146, et seq., provides for a procedure. It is set forth in section 3, 5 PS § 163, which states that the proper procedure is for the aggrieved party to file a petition in the court of common pleas of the county having jurisdiction ruling the opposing parties to show cause why the arbitration should not proceed. It was highly improper for the arbitrators to proceed ex parte. It is true that the arbitrators did send notices to judgment defendant of the arbitration. It is also true that they called Mr. Jacobs on the telephone from the arbitration to ask him why he wasn't there. The depositions make this clear.

"Deposition of Wilhelm Jacobs

"By Mr. Martineau Pg. 28:

"Q. On January 14, 1970, did you receive a telephone call from the American Arbitration Association in Philadelphia?

"A. Yes.

"Q. What was said to you?

"A. They called me to come over to Philadelphia and to arbitration, Roselon's case, with evidence, what I got. I told them, send me in a copy of anything that I am bound to go to Philadelphia for arbitration. If you

send me a copy of the letter, well, if I have to go, I will go, and I didn't get an answer. I didn't hear from them."

Under these circumstances, it was the duty of both the arbitrators and plaintiff herein to go to the court of common pleas to compel defendant to proceed to arbitration. The arbitrators were put on notice that there was a serious dispute as to whether there was, in fact, an enforceable arbitration clause.

At that point, the issue could, and should, have been resolved and a judicial determination should have been made as to whether defendant was required to proceed to arbitration. This procedure would have been eminently more appropriate both legally and equitably and would have resulted in a resolution of this matter in a more just way than an ex parte hearing without defendant being present.

A petition to open judgment is an appeal to the equitable side of the court and to the court's discretion: Fox v. Mellon, 438 Pa. 364, 366 (1970); McDonald v. Allen, 416 Pa. 397 (1965).

In order to exercise that discretion, three factors must be present: (1) the petition to open is promptly filed; (2) the default or delay is reasonably explained; and (3) a defense is shown to exist on the merits: Fox v. Mellon, supra; Thorn v. Clearfield Borough, 420 Pa. 584 (1966).

We feel that the requirements of the law have been met in this case and that a proper exercise of this court's equitable discretion requires that the judgment be opened and that defendant be given an opportunity to enter a defense and litigate this matter to its proper conclusion.

Accordingly, it is therefore ordered that defendant's petition to open judgment is granted.