**Christman v. Jones**

*Roger N. Nanovic,* of *Nanovic & McKinley,* for plaintiff.

*James A. Wimmer,* of *Philip & Wimmer,* for defendant.

HEIMBACH, P. J., May 19, 1972.—On July 31, 1969, defendant was involved in an automobile accident, which resulted in damage to plaintiff's automobile. On March 5, 1970, defendant was served

personally with a complaint in trespass, with notice to plead endorsed thereon.* On February 26, 1971, a default judgment was entered against defendant and a praecipe for arbitration filed. On March 5, 1971, we granted a rule on defendant's petition to show cause why the judgment should not be opened.

Defendant's rule must be dismissed. We find no merit in his contentions that there are equitable considerations that entitle him to relief. We have examined the depositions taken. His sole reason for doing nothing for a year after service of the complaint was made upon him was because at that time he did not have insurance, he was unemployed, was without funds, and having received a letter from the Bureau of Traffic Safety advising him that unless he posted a certified check, money order, or surety bond in the amount of $1,525 on or before March 3, 1970, his operator's license and car registration would be suspended, he concluded if he posted such bond the matter would be settled, since the amount of the bond required was the amount of damage to plaintiff's car.

In answer to counsel's question, "All right, am I correct in saying that when you got these papers from the Sheriff, you thought to yourself 'there's nothing I can do about this anyway, so I might just as well let it go,'" he said, "I guess that's what I thought, because I had no money and I couldn't do anything, at the time." Defendant's further testimony is that he returned his license to the bureau. In December of 1970, having saved enough money to post his own bond, he visited the Bureau in Harrisburg for that purpose and learned

---

* The complaint was endorsed with a notice to defendant, in letters of the usual size, which read as follows: "You are hereby notified to plead to the enclosed within twenty (20) days from service hereof or a default judgment may be entered against you."

that his license could be restored without the posting of any bond, since no judgment had been entered against him. The license was thereupon issued to him. He did nothing further until he received notice of the arbitration hearing, because he concluded the matter was settled. We fail to understand how such a conclusion was reached, in view of his earlier statement that he believed that upon posting the "bond" the matter would be settled.

The deposition reveals that defendant believed he was liable for plaintiff's damages, albeit in a trespass action whether the defense has merit or not is unnecessary to be demonstrated in order to open a default judgment if the equities are otherwise. Kraynick v. Hertz, et al., 443 Pa. 105, 109, and cases cited therein. Defendant testified, in answer to the question concerning the complaint, "And did you also realize that there was a time in which you had to respond?"

"A. Yes, sir.

"Q. What was that time that you understood?

"A. Well, I didn't know there was a time limit. I thought when I got the—after that, that this bond issue come up and the money, I thought, was the same, because the bond was a little over $1500.00—a little over. And I thought that's what I had to post in Harrisburg, to get my license back . . . and once that was posted, I thought it settled."

An inflexible requirement to successfully open a default judgment is that a petition which seeks to open a default judgment, essentially equitable in nature and governed by equitable principles, must establish "equitable considerations which appeal to the conscience" of the court: Kraynick v. Hertz, supra, at 109.

We find no such equitable consideration that appeals to our conscience.

The manner in which the accident occurred suggests fault on the part of defendant.** He carried no insurance to protect other users of the highway, albeit that compulsory insurance has not been mandated in Pennsylvania. He completely ignored the complaint served upon him for more than a year. It is not speculative to believe, in view of his testimony, had a default judgment been entered promptly that he would have taken no action to have it opened, thus not being able to argue, as he does presently, that he acted promptly to open the judgment after its entry.

We conclude from the manner in which defendant deposed that he is a literate and an intelligent individual. We finally conclude that his actions in ignoring the complaint were deliberate and intentional, and with a full realization of its consequences. His actions should not have court condonation, and the provisions of Pennsylvania Rule of Civil Procedure 1047(a), providing for the entry of a default judgment, should be followed.

Wherefore, we enter the following

## ORDER

Now, to wit, May 19, 1972, defendant's petition to open the default judgment entered to the above term and number is dismissed. Costs on defendant.

---

** Defendant testified he was travelling east on a two-lane highway and because of a dip in the road he failed to see plaintiff's approaching car when he turned left across the highway to enter a private driveway.