## Johnson v. Yellow Cab Co. of Philadelphia

*Harry J. Oxman*, for plaintiff.
*C. Gary Wynkoop*, for defendant.

HIRSH, J., August 1, 1972.—This case arises on

defendant, Yellow Cab Company's amended petition to open a judgment taken by default on November 30, 1971. Defendant's original petition was dismissed; however, the order dismissing the petition was vacated, allowing defendant to proceed with the taking of depositions in support of the factual allegations contained in its petition.

A petition to open default judgment is equitable in nature and is addressed to the discretion of the trial court: Richmond v. A. F. of L. Medical Service Plan of Philadelphia, 415 Pa. 561, 562 (1964). This discretion should be exercised in favor of granting relief and allowing the case to go to trial on the merits if ". . . a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits": Wheel v. Park Building, 412 Pa. 545, 546 (1963).

In the instant case, defendant has met all three of the requirements to open a judgment by default. Certainly, defendant's petition to open, filed three days after the default judgment was taken, was prompt: Wheel v. Park Building, supra. Secondly, defendant has gone beyond the mere allegation that it possesses a meritorious defense and has filed a proposed answer to plaintiff's complaint. In its answer, defendant asserts that no vehicle of defendant was in any way involved in the accident which is the subject matter of the complaint. If established at the time of trial, such assertion would afford a complete defense to defendant. Thus, defendant has met the meritorious defense requirement: Carrozza v. Girard Chevrolet Co., 200 Pa. Superior Ct. 502, 506 (1963).

Finally, through its depositions, defendant has established a reasonable explanation for the default: Carrozza, at page 505. Counsel for defendant erroneously relied upon copies of an entry of appearance

and interrogatories which had never, in fact, been filed. He assumed that an entry of appearance was made by defendant's house counsel and that interrogatories had been filed and thus decided to take no action until he received the answers to interrogatories. Defendant's failure to file an entry of appearance was not a dilatory tactic and thus can be excused in this instance.

"It is generally true that under circumstances where an attorney's error or mistake is the cause of the default judgment's entry, it has been the practice of the courts to relax the rules of pleading in favor of hearing the case on the merits": Carrozza v. Girard Chevrolet Co., supra, at page 505.

Defendant has thus satisfied the requirements set forth above and has supplied a basis upon which the default judgment can be opened.

Accordingly, it is therefore ordered, adjudged and decreed that the judgment heretofore entered against defendant on November 30, 1971, be and is hereby opened, and it is further ordered that defendant is granted leave to file an answer within 20 days from the date hereof.