## Associates Financial Services Company, Inc.
## v. Meagher

*Joseph Glider,* for plaintiff.
*Maurice M. Green,* for defendants.

HIRSH, J., December 12, 1972.—This matter arises on defendants' petition to strike off and/or in the alternative to open a default judgment taken against defendants. Suit was instituted by plaintiff finance company against defendants on a claim for a deficiency in payments arising out of the original purchase of an automobile, which was later repossessed. Judgment was entered in favor of plaintiff

and against defendants for failure to file an answer in the above action within 20 days from the date of service of the complaint in assumpsit. Defendants now bring a petition to strike off and/or open judgment, which would permit them to enter a defense.

Generally, where a defect or irregularity appears on the face of the record, a judgment may be stricken, but a judgment regular on its face will not be stricken off: 7 Standard Pa. Pract., Ch. 30, §157, page 185. Defendants assign two reasons for the striking of the judgment. Initially, defendants contend that the original complaint of plaintiff and the affidavit attached to it were not properly signed and notarized so as to comply with the Pennsylvania Rules of Civil Procedure 1023 and 1024. The court finds that both the original signing and notarization complied with all requirements of rules 1023 and 1024. These rules have no application to copies of pleadings. The use of conformed copies of service is a universally accepted practice. No separate verification is needed on the copy of the pleadings served on the opponent: Mark v. Township of Whitehall, 27 Lehigh 204.

Secondly, defendants argue that the judgment was entered without any authority, since plaintiff had no standing to bring such action against defendants. Defendants claim that this suit was instituted by one who was not a party to a presumed written agreement. The court notes, however, that the complaint clearly states in paragraph 1 that Associates Financial Services Company, Inc., is successor in interest to Associates Discount Corporation. If defendants were of the opinion that such allegation was insufficient, they could have filed preliminary objections requesting a more specific allegation as to plaintiff's position as the true party in interest. Defendants cannot fail to answer the complaint, give no reason for

such default and then, three months later, after judgment was entered, complain that the allegation of plaintiff's interest is insufficient. It has been held that a defective verification must be attacked promptly by preliminary objections: Williams v. Stoudt & Son, Inc., 9 D. & C. 2d 786, 27 Lehigh 130.

This court must stress that it may refuse to strike off a judgment by default where no explanation for the failure to file the pleading is offered: Herbst v. Derrick, 115 Pa. Superior Ct. 205, 175 Atl. 297. In the instant case, defendants have neither provided a satisfactory explanation for their failure to file nor have they established sufficient grounds for striking the judgment.

In the alternative, defendants have petitioned the court to open the default judgment. Such a petition is essentially equitable in nature and governed by equitable principles: Kraynick v. Hertz, 443 Pa. 105, 109 (1971). It must be emphasized that "The opening of the judgment by default may be secured by a defendant who acts promptly and offers a good and adequate excuse for default. But, if no excuse for the default is offered, or the offered excuse is insufficient, the judgment will not opened": 7 (Revised) Standard Pa. Pract. §46, page 53; Fox v. Mellon, 438 Pa. 364 (1970).

In the instant case, the complaint was served on defendants on January 20, 1972, without response. A sheriff's levy was made on defendants' household goods on February 25, 1972, without response. It was only, after defendants received a sheriff's handbill on May 9, 1972, that they filed this petition and rule. On the basis of the foregoing facts, this court fails to discover any reasons for their neglect and delay.

Moreover, defendants offer as an excuse for the default a claim that adequate notice of the resale of

their repossessed automobile was not properly given. Defendants' reliance on 12A PS §2-706(4)(a) and (b), Act of April 6, 1953, P. L. 3, reenacted October 2, 1959, P. L. 1022, as to notice of sale required is inaccurate. Subsection (4) applies to public sales of repossessed goods, which is not the case here. The instant sale is governed as to notice requirements by subsection (3) of section 2-706 of the Uniform Commercial Code which states that "Where the resale is at private sale the seller must give the buyer reasonable notification of his intention to resell." This was a private sale and the "Notice of Repossession" as part of plaintiff's Exhibit "A", fully complies with this notice requirement of the U.C.C. in private sales. Therefore, the court finds that having been properly noticed of the resale, defendants have failed to present a valid excuse for the default.

Accordingly, it is therefore ordered that defendants' petition to strike off and/or in the alternative to open judgment in the above matters is dismissed with prejudice.