**Berman v. Johnson Manor, Inc.**

*Jerome N. Berenson,* for plaintiffs.
*Maxwell P. Gorson,* for defendant.

HIRSH, J., July 11, 1973.—On September 21, 1972, plaintiffs commenced this action in assumpsit to recover $1,295 allegedly due from defendant because they painted defendant's apartment complex. Twice thereafter the respective attorneys agreed to an extension of time to answer; the first time on October 18, 1972, when defendant's attorney forwarded his entry of appearance, and the second time on October 23, 1972, when defendant requested details pertaining to the invoice in question so as to negate the need for filing preliminary objections. On November 20, 1972, plaintiffs' attorney supplied the requested information and asked for payment within 20 days. The answer was finally filed on February 2, 1973, but, in the meantime, upon praecipe of plaintiffs, the prothonotary had entered judgment by default on January 29, 1973. Thereafter, defendant filed both the instant petition to open the judgment and a motion to strike the judgment.

By this petition to open judgment, defendant is appealing to the equitable side of this court and to this court's discretion: Carrozza v. Girard Chevrolet Co., 200 Pa. Superior Ct. 502, 190 A.2d 577 (1963), and Richmond v. A. F. of L. Medical Service Plan, 415 Pa. 561, 204 A.2d 271 (1964). In order to exercise that discretion, three factors must be present: (1) The petition to open must be promptly filed; (2) the petition must establish equitable considerations which appeal to the conscience of this court; and (3) in assumpsit actions, a defense must be shown to exist on the merits: Kray-

nick v. Hertz, 443 Pa. 105, 277 A.2d 144 (1971); Fox v. Mellon, 438 Pa. 364, 264 A.2d 623 (1970).

Clearly, the first requirement of a prompt filing is met as defendant filed the present motion after little more than a one-month delay.

The second requirement places a burden on petitioner to establish equitable principles to justify the opening of a judgment. Defendant's attorney seeks to excuse his default as one of inadvertance and lack of knowledge of a change in the procedures of his filing service* compounded by his attempts to clear up as much work as possible prior to his going on vacation. This court has recognized, under appropriate circumstances, the practice of courts to relax the rules of pleading in favor of a hearing on the merits when an attorney's error or mistake is the cause of the entry of the default judgment. See, e.g., Johnson v. Yellow Cab Co. of Philadelphia, 57 D. & C. 2d 170 (1972), and Carrozza v. Girard Chevrolet Co., supra, at page 505.

Furthermore, defendant raises in his motion to strike the judgment the fact that the notice to plead endorsed on plaintiffs' complaint is defective under Pennsylvania Rule of Civil Procedure 1361 in that it fails to state ". . . or a default judgment may be entered against you."

Rule 1026 of the Pennsylvania Rules of Civil Procedure provides:

"Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead."

Rule 1029(d) further provides:

---

* The filing service now picks up on a weekly rather than a daily basis.

"Averments in a pleading to which no responsive pleading is required shall be deemed to be denied."

Rule 1361 requires the notice to plead to be in substantially the following form:

"You are hereby notified to plead to the endorsed [name of pleading] within twenty (20) days from service hereof *or a default judgment may be entered against you.*" (Italics supplied.)

Therefore, because of the significant defect in the notice to plead, defendant had no obligation to file a responsive pleading at all, the allegations in the complaint being deemed denied under rule 1029(d).

As a final consideration, plaintiffs urge this court not to exercise its discretion, since great prejudice has resulted to them in the two-month period they were delayed in receiving payment due to defendant's failure to promptly file his answer. This court, however, does not feel such an argument responds to reason or justice. We do not find the prejudice to plaintiffs so great as to deny defendant the chance to raise his meritorious defense, discussed infra. Upon an opening of this judgment, plaintiffs may promptly have the matter taken to arbitration to recover what payment, if any, they justly deserve. Therefore, in resolving this issue, this court finds the inadvertance of defendant's attorney coupled with the fact that plaintiffs' endorsement on their complaint does not conform to the Pennsylvania Rules of Civil Procedure, and the fact that the default judgment, if left untouched by this court, would subject defendant to a 100 percent collection of the disputed invoice without a judicial review of his counterclaim, enough to swing the judicial pendulum convincingly to defendant's side.

The third requirement, a showing of a meritorious

defense, is the remaining issue for this court's attention. Defendant asserts as a defense that plaintiffs painted several apartments two and three times each, entitling defendant to a credit in the amount of $790. Furthermore, defendant alleges in a counterclaim that as a result of the poor and unworkmanlike manner in which plaintiffs performed their painting work on some 18 units, it was forced to expend $1,885 in cleaning, repairing and repainting expenses.

This court is not deciding that defendant will ultimately succeed on the merits, but only that defendant's allegations raise a sufficiently meritorious defense that equity demands a forum for this drama to be played out.

Under these circumstances, the court should exercise its equitable powers to open the judgment. In Kraynick v. Hertz, supra, at page 111, the Pennsylvania Supreme Court stated:

" 'The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.' "

Therefore, this court finds that all three requirements for opening a default judgment have been satisfied and, accordingly, it is hereby ordered and decreed that defendant's motion to open judgment is granted with leave to defendant to file an answer within 10 days from the date hereof (order dated April 3, 1973).