## Citizens & Southern National Bank v.
## Happy Homes Co., Inc.

*Richard E. Ruane,* for plaintiff.
*Allen H. Silverman,* for defendant.

HIRSH, J., March 12, 1974.—On July 19, 1973, plaintiff, duly authorized factor, subrogee and party of interest herein, commenced this action in assumpsit by a complaint in which it alleged that defendant failed to pay for goods delivered to defendant in accordance with a written contract between defendant and subrogor, and that plaintiff consequently suffered damages in the amount of $3,163.82. Thereafter, on July 23, 1973, the complaint with a notice to plead was served on defendant at its offices on Red Lion Road in Philadelphia. However, defendant did not file an answer to the complaint and 60 days after the service

of the complaint, plaintiff caused the entry of a judgment by default with damages assessed at $3,163.82. Presently, defendant petitions this court to open that judgment so that it can present its defense. It is defendant's petition and plaintiff's answer thereto which are now before this court.

A petition to open a default judgment is an appeal to the equitable discretion of this court (Richmond v. A. F. of L. Medical Service Plan, 415 Pa. 561, 204 A. 2d 271 (1964)), but before this court can exercise that equitable discretion, it is first necessary for three criteria to co-exist: (1) The petition to open the judgment must be promptly filed; (2) the failure to file a response to the complaint must be reasonably explained or excused, and (3) a defense must be shown to exist on the merits in assumpsit actions: Fox v. Mellon, 438 Pa. 364, 264 A. 2d 623 (1970). In the present action, only one of the three criteria does exist and accordingly this court must refuse to open the judgment.

The first criterion requires the petitioning party to file its petition to open judgment promptly. In this case, the judgment by default was taken on September 21, 1973, and defendant's present petition was filed on October 19, 1973, one month later. Certainly, this court must conclude that defendant acted promptly to open the default judgment.

In its attempt to reasonably explain its failure to file an answer to plaintiff's complaint, defendant alleges that: (1) Said complaint contained the improper term and number, and (2) counsel for defendant entered his appearance for defendant. Pennsylvania Rule of Civil Procedure 1037(b) provides for the entry of judgment, upon the filing of a praecipe with the prothonotary, against defendant for failure to file an answer within the required time. The fact that defendant's counsel filed an entry of appearance, and

said allegation is at issue, does not excuse it from filing an answer. Furthermore, plaintiff contends that: (1) Defendant consistently ignored the matter after notice by plaintiff, and (2) defendant's counsel was given at least two courtesy extensions of time in which to answer said complaint. Moreover, defendant's allegation as to improper term and number, if true, does not explain or excuse defendant's failure to file an answer. This court might be sympathetic to defendant's argument if defendant had filed an answer with such improper term and number, or if defendant had objected timely. However, it did neither and upon consideration of all the facts and circumstances, this court does not believe that defendant's naked assertions provide a reasonable explanation for its failure to answer the complaint. "One who seeks to invoke the discretion of the court to open a judgment must show that the injustice of which he complains is not the result of his own negligence or indifference": Creskoff v. Hurwitz, 52 D. & C. 2d 488 (1971).

The third and final criterion which defendant must satisfy requires defendant to show the existence of a meritorious defense. In its attempt to do so, defendant alleges that: (1) A substantial number of the items were not merchantable nor fit for the purpose for which they were intended, and (2) defendant has paid several of the invoices upon which plaintiff's claim is based. Plaintiff, in its answer, avers that: (1) Said items were merchantable and fit, and (2) the complaint, with its attachments properly reflects the moneys due. Under Pennsylvania Rule of Civil Procedure 209, the moving party can either take depositions on disputed issues of fact or can order the cause for argument on the petition and answer. In this case, defendant did neither. Consequently, the rule clearly provides that "all averments of fact responsive to the

petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule." See also Smith v. Dale, 405 Pa. 293, 175 A. 2d 78 (1961). Thus, this court must accept plaintiff's averments and conclude that defendant has failed to set forth a meritorious defense.

Accordingly, it is, therefore, ordered and decreed that defendant's motion to open judgment is denied.