**Jennings v. Puritan Life Insurance Company**

560

*Bernard J. Meyer*, for plaintiff.
*Candor, Youngman, Gibson & Gault*, for defendant.

RAUP, J., July 10, 1974.—The facts necessary for a decision in this matter are not in dispute. On January 1, 1973, a member of the household of the insured was injured in a home accident. Plaintiff-insured filed an accident claim for a hospital bill in the amount of $864.80 with defendant insurance company on January 30, 1973. On April 25, 1973, plaintiff's attorney notified defendant that if no action was taken on the claim within ten days, a complaint would be filed. Five days later, on April 30, 1973, defendant notified plaintiff's attorney that the company considered that the hospital treatment was excessive for the injury in question, and that it was submitting the question of excessiveness to the Pennsylvania Medical Society Utilization Review Committee for determination of possible overutilization. Plaintiff patiently waited until September 6, 1973, without receiving any response from defendant company. On that date, plaintiff filed her complaint which was served on September 17, 1973. On the twenty-fourth day after the service of the complaint, plaintiff entered judgment by default in the amount of $864.80. Defendant's attorney learned of this fact one week later, on October 18th, and filed the motion to open judgment on October 24, 1973.

The burden is on petitioner to show that the motion

was promptly filed, and the delay in filing an answer is reasonably explained, and that there is an allegation of meritorious defense: Kraynick v. Hertz, 443 Pa. 105 (1971). Both parties agree that the motion to open judgment was promptly filed.

Defendant's explanation of the failure to file an answer is: While service was perfected on the Insurance Commissioner on September 17, 1973, the complaint was actually not received by the company at its home office in Providence, Rhode Island, until September 20, 1973. The office of defendant handling the claim was located in Harrisburg, Pa. The home office in Providence, Rhode Island, apparently following a company policy, requested that the Harrisburg office compile and forward to Providence the file prior to assignment of the case to a Lycoming County attorney. The company forwarded the file from Providence, Rhode Island, to its attorney under a letter dated October 10, 1973; the file was received by the attorney on October 12, 1973, one day after default judgment had been taken.

Based on these facts, defendant asserts that its delay in filing an answer was caused by the "crush of business" and because it was waiting for a determination by the Utilization Review Committee. (It is noted that the committee has yet to render a decision.)

The court is charged with giving meaning to the time limitations contained in our rules of civil procedure. At the same time, the court will open a judgment by default if, in a given case, there are present equitable considerations which require that defendant be given his day in court: Kraynick v. Hertz, supra, at 111.

We do not consider that defendant was justified in waiting to file an answer until an opinion was received from the Utilization Review Committee. And the

facts as presented to the court would indicate that the delay was caused more by a cumbersome administrative procedure than by a "crush of business." The court is not persuaded that considerations of conscience require the opening of this judgment and, therefore, the following order will be entered:

### ORDER

And now, July 10, 1974, the petition to open default judgment is denied. It is noted that defendant claims prior payment of $259 of the $864.80 judgment. This order shall not be construed as depriving defendant of its right to assert accord and satisfaction to that extent.