**Coffman v. Showman**

*Nicholas J. Cook,* for plaintiffs.
*Donald J. McCue,* for defendants.

FRANKS, *J.,* August 16, 1978—Plaintiffs, Allen Coffman, Cathy S. Coffman, Albert Anderson and Twila Anderson, filed a complaint in equity on October 11, 1977, concerning a property line dispute. On November 17, 1977, the complaint was reinstated and an amended complaint was filed. A praecipe to issue a writ of foreign attachment in equity was filed on the same date and the writ issued.

The sheriff's return filed on December 28, 1977, evidenced that on November 29, 1977, two copies of notice of suit and amended complaints, two copies of the foreign attachment and two copies of the statement of real property attached were sent registered mail, return receipt requested, to defendants, Edwin K. Showman and Maria Gertrude Showman, in Winkelman, Arizona. Both envelopes were returned marked "Refused."

Docket entries in the office of the prothonotary

further note that on December 3, 1977, at 1:15 o'clock p.m., copies of notice of suit and amended complaint, copy of foreign attachment and copy of statement of real property were posted on the subject real estate. Said docket entries further show that on January 24, 1978, a notice of suit and praecipe to reinstate the complaint were filed with the prothonotary.

The sheriff's return filed on February 27, 1978, states that two copies of notice of suit and complaints in equity were sent to the Secretary of the Commonwealth, Harrisburg, Pennsylvania, by registered mail, return receipt requested, on January 27, 1978. On February 2, 1978, the same were sent to defendants in Winkelman, Arizona, by registered mail, return receipt requested. These were returned to the Sheriff of Fayette County marked "Refused." Thus, service was held in accordance with Pa.R.C.P. 1504(b) and 1260.

A default judgment was entered against defendants upon praecipe of plaintiffs on February 28, 1978. On the same date, the prothonotary mailed by regular mail, notice of entry of the default judgment to defendants in Winkelman, Arizona. In addition, an affidavit of service filed with the prothonotary shows that on March 27, 1978, counsel for plaintiffs mailed a copy of the motion for final decree and order to defendants at the address in Winkelman, Arizona, and to their son's address at 449 East Georgia Avenue, Connellsville, Pa, 15425.

On April 3, 1978, upon motion by counsel for plaintiffs, this court entered its final order and decree. Defendants filed the instant petition to open this judgment on May 5, 1978. A hearing on said petition was held on June 29, 1978.

Defendants testified that they had no notice of the

pendency of the action prior to the entry of the final order and decree. However, defendant, Edwin K. Showman, testified that he was informed by the postal authorities in Winkelman, Arizona, that there was a registered "package" for him. He stated that he refused to accept the item because it had no return address.

## DISCUSSION

A petition to open a judgment entered by default is an appeal to the court's discretion and may properly be opened if: (1) the petition is promptly filed; (2) a defense is shown to exist on the merits; and (3) the default is reasonably explained or excused: Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971); Triolo v. Philadedphia Coca Cola Bottling Co., 440 Pa. 164, 270 A. 2d 620 (1970).

In our view, we are not persuaded that the default was "reasonably explained or excused" by defendants. The evidence revealed that there were disputes regarding the location of the property line and that defendants were well aware of the possibility of a forthcoming lawsuit. Yet, defendants refused to accept copies of the amended complaint on two separate occasions. We are not satisfied that one should ignore a registered parcel merely because it has no return address as Edwin K. Showman testified. We note these parcels were not received because they were "Refused" and not merely "Unclaimed."

Furthermore, the docket entries in this case indicate that the prothonotary mailed notice of the entry of default judgment to defendants by ordinary mail on February 28, 1977. There is no testimony that the notice was returned to the prothonotary.

We can only assume that it was received by defendants.

The case of Gardner v. Delle Chiaie, 53 Luz. 111 (1962), is apposite. In that case, a default judgment was entered against nonresident defendants in reference to title to real estate situate in Luzerne County, Pa. Pursuant to Pa.R.C.P. 1504(b), as in the instant case, copies of the pleadings were sent to defendants in New Jersey. The letters were returned marked "Unclaimed," rather than "Refused," as had occurred in the instant case. Also, in that case the orders of court were likewise sent to defendants and were returned "Refused." In Gardner, the court held that defendants' refusal to accept or claim the registered letters was not a "reasonable explanation" for the default.

We are of the opinion that one who holds title to real estate in another state must exercise a reasonable surveillance over it. Notices from courts and counsel in the state of the situs of the real estate cannot be refused or overlooked. Defendants had more than a passing or cursory affiliation with Fayette County. Failing to accept legal notice of a lawsuit does not make a lawsuit go away. Hence, equitable principles addressed to the court's sound discretion require us to refuse to open the judgment entered in this case: Sutton v. Alexander, 198 Pa. Superior Ct. 53, 181 A. 2d 733 (1962).

Because of our disposition of this matter by reason of the fact that the default was not "reasonably explained or excused," we need not discuss the promptness of the filing of the petition in excess of two months after the entry of the judgment and the existence of any defense on the merits.

Accordingly, we enter the following

## ORDER

And now, August 16, 1978, the rule to show cause is discharged and the petition to open the judgment is dismissed.